EDWARD HYMAN COMPANY et al. *v.* RUTTER

No. 41892          May 22, 1961          130 So. 2d 574

*Deavours & Hilbun,* Laurel, for appellants.

*Sebe Dale, Jr.,* Columbus, for appellee.

KYLE, J.

This case is before us on appeal by Edward Hyman Company and its insurance carrier from a judgment of the Circuit Court of Marion County, reversing an order of the Mississippi Workmen's Compensation Commission denying the claim of James E. Rutter against Edward Hyman Company for disability compensation under the Mississippi Workmen's Compensation Law for injuries alleged to have been sustained by the claimant as the result of an automobile accident which occurred on July 3, 1959.

The record shows that the claimant, James E. Rutter, was employed by Edward Hyman Company, in an executive capacity as plant manager at Prentiss, Mississippi, on or about January 1, 1959, and that he assumed the duties of plant manager on January 3, 1959. The claimant had a wife and two children and owned a home in Covington, Louisiana, at the time of his employment. The two children were attending school at Covington, Louisiana. The claimant's wife expected to have another child in April 1959.

It was stipulated that an automobile accident occurred on or about July 3, 1959, approximately four miles south of Foxworth, Mississippi, on State Highway No. 35, at approximately 5:00 o'clock P.M., while the plaintiff was enroute from Prentiss, Mississippi, to his home at Covington, Louisiana, and that the injuries, which constitute the basis for Rutter's claim for disability benefits involved in this suit, were sustained by the claimant as a result of said accident. It was not stipulated, however, that such accident arose out of and in the course of the claimant's employment.

The record shows, and the attorney-referee found, that the claimant was paid a salary of $200 per week plus an additional sum of $100 per month paid to him by the employer to help defray expenses occasioned by his not living in Prentiss, Mississippi. The attorney-referee found that there was a sharp conflict in the testimony regarding the understanding between the parties as to whether or not any part of the $100 allowance was for the purpose of defraying the expenses of travel between Covington, Louisiana, and Prentiss, Mississippi. It was clearly shown that the claimant was paid at the rate of 8¢ per mile for the use of his automobile and travel on authorized company business; and it appears from the record that on all occasions, when the claimant had submitted proper vouchers for such travel, the same had been honored by the company. But at no time had such vouchers been submitted for travel expense between Prentiss, Mississippi, and Covington, Louisiana.

The claimant testified that he was employed ''on an even letter basis of $200.00 a week, plus $100.00 a month expenses.'' He stated that, when he was originally employed there was no objection to him living in Covington, Louisiana; that there were no homes available in Prentiss which were large enough for his family; that his children were in school in Covington, and it was agreed that the children could finish school before he moved; and that, in the meantime, he should be paid in addition to his salary, $100 a month for expenses incurred either in going back and forth to Covington or living in a tourist court. The claimant stated that he was on call at all times while he was employed as plant manager—that he had no specific hours.

Seymour Linden, Vice President of the Edward Hyman Company, testified that the claimant was employed at a salary of $200 per week; that the claimant was told, at the time he was hired, that the company was very reluctant to employ a manager who did not live

in the city where the plant was located, and he would be required to reside in the City of Prentiss during the regular five working days; that the company management knew that it would be expensive, and that the company was willing to pay a part of the expenses incurred by the claimant by having to stay at a motel or rent a room and eat his meals out, and the company agreed to do so at the rate of $100 per month. Linden stated that the reimbursement to the claimant at the rate of $100 per month was for out-of-pocket cash "involved in renting a room and eating meals out, five days a week." Linden testified that the $100 a month was paid for the express purpose of taking care of the claimant's expenses in living in Prentiss five days a week, and the company was not aware of the fact that the claimant was traveling from Prentiss to Covington at the end of each day until after the claimant left the service of the company.

■■ The attorney-referee, after reviewing the conflicting evidence, found that the facts in the case were not such as to bring the claimant within an exception to the generally accepted rule announced by this Court, in the case of Wallace v. Copiah County Lumber Company et ak., 223 Miss. 90, 77 So. 2d 316, in which the Court said: "The hazards encountered by employees while going to or returning from their regular place of work, before reaching or after leaving the employer's pemises, are not ordinarily incident to the employment, and for this reason injuries resulting from such hazards are in most instances held not to be compensable as arising out of and in the course of the employment." 58 Am. Jur., Workmen's Compensation, Sec. 217, P. 723.

■■ As stated in the opinion in the Copiah County Lumber Company case, supra, there are exceptions to the general rule stated above, and a workman who claims that he has sustained an injury after leaving his em-

ployer's premises, and while returning home from work, has the burden of proving that he comes within one of the exceptions to the general rule in such manner as to impose liability on the employer.

The attorney-referee in this case found that the facts presented were not such as to constitute an exception to the generally accepted rule announced by the Court in the Copiah Lumber Company case; and the attorney-referee denied the claim. The commission affirmed the findings and order of the attorney-referee.

We think there is substantial evidence in the record to support the finding of the attorney-referee and the commission on the disputed issue of fact, and that the circuit court erred in reversing the order of the commission.

For the reasons stated above the judgment of the lower court is reversed, and judgment will be entered here in favor of the appellants.

Reversed and judgment rendered in favor of appellants.

*Lee, P.J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.