AETNA FINANCE COMPANY, et al. *v.* BOURGOIN

No. 43490 April 26, 1965 174 So. 2d 495

*Watkins & Eager, Elizabeth Hulen,* Jackson, for appellant.

J. A. Travis, Jr., L. K. Travis, B. Galloway Austin, Jackson, for appellee.

GILLESPIE, J.

This case arose under the Workmen's Compensation Law. The claimant sought compensation for injuries sustained in an automobile accident. The attorney referee denied the claim and this order was reversed by the Commission and an award was made for disability and medical benefits. The circuit court affirmed the Commission, and the employer and its compensation carrier appealed to this Court.

■■ ■ Since the Commission is the trier of facts and found in favor of the claimant, we state the facts in the light most favorable to claimant.

Claimant filed an application for employment with appellant, Aetna Finance Company, on November 9, 1961, and entered into a written contract of employment on November 13, 1961. The employer did not pay claimant or any other employee mileage for going to and from work, but the proof showed that appellee was required to have an automobile and he used it a considerable portion of the time in performing work outside of his employer's office. He was paid six cents per mile for using his automobile for business purposes. His reimbursement for automobile expenses for the three months he worked for employer averaged over $60.00 per month. Claimant's position was that of field representative and he worked part time in the office and part time using his automobile in contacting the clients of employer outside the office. Claimant reported to the office in the mornings at 8:30 A.M., and worked from that time until 5:00 P.M., except on some days he worked later. On Wednesday, January 10, 1962, there was a heavy snow and freeze in the City of Jackson and the office of employer was not opened. The employer's manager was Mr. Falks, and claimant went to Falks' home to help him start his automobile. At Falks' request, claimant drove to Falks' home on the morning of Thursday, January 11, and took him to work. Falks lived about two miles further from employer's office than claimant. When the office closed on the afternoon of January 11th, claimant took two other employees to their homes and then took Falks home. Falks' automobile was still not in operating condition and claimant was requested by Falks to come to his home and take him to work again the next day. Claimant complied and drove to Falks' home on the morning of January 12th, then he and Falks were driving to

work when the accident occurred. The streets were still partly covered with ice and snow.

On two previous occasions claimant transported officials of the employer and was paid mileage at six cents per mile. He went to the home of a former office manager who was being transferred and took him to the airport. On another occasion he went to the airport and met the district supervisor and took him home. Claimant testified that he understood that he would be paid for the trip on January 12th and that his mileage would begin at Mr. Falks' home. He was not paid any mileage for transporting Mr. Falks on January 11 and 12, and officers of the employer testified the company did not pay mileage to anyone for coming to and from work. We are of the opinion that the Commission could find as a fact that had no accident occurred, claimant would have been paid mileage for transporting the manager on the day claimant was injured.

The first question raised by appellants is that claimant was not in the course of his employment while driving in his own car to the office to begin the day's work, and, therefore, the accident is not compensable.

 █ This Court is firmly committed to the general rule that the hazards encountered by employees while going to or returning from their regular place of work and off the employer's premises are not incident to employment and accidents arising therefrom are not compensable. Wallace v. Copiah County Lumber Company, 223 Miss. 90, 77 So. 2d 316 (1955); Dunn, Mississippi Workmen's Compensation § 103 (1957). █ And an employee who claims an exception to this general rule has the burden of proving that he comes within one of the exceptions. Edward Hyman Co. v. Rutter, 241 Miss. 301, 130 So. 2d 574 (1961). In the Wallace case the Court discussed a number of exceptions, but the exceptions therein mentioned, if it could be said that this Court approved them, are not necessarily ex-

clusive of other circumstances which would constitute exceptions to the general rule. In the present case there are several significant factors which together justified the Commission in finding that the risks of travel from Falks' home to the office were incident to claimant's employment.

The evidence in this case either established without dispute or justified the Commission in finding the following exceptional circumstances: (1) Claimant was required to have an automobile and to use it in the employer's business, for which he was paid an agreed sum of six cents per mile, and the proof showed that claimant used his automobile frequently on business missions and was paid substantial sums for mileage; (2) in the past few months prior to the accident in question, employer had paid claimant mileage for transporting officers of employer from the airport to their homes and from their homes to the airport, all during business hours, and the inference was permissible that claimant would probably have collected mileage for transporting Falks to and from work on January 11 and 12 had not this accident occurred; (3) the manager under whom claimant worked requested claimant to come to his home and take him to work and this required claimant to drive two miles beyond his home to where the manager lived and thence to the office, and the proof justified a finding that claimant understood Falks' request as an order which he was reasonably required to obey in connection with his employment; and (4) claimant owned the only automobile which was in working order during the extraordinary spell of weather, and used it for his own transportation to and from work and to transport the manager and to take other employees home during the extreme weather.

 █ We hold that under all of the circumstances the Commission had substantial evidence to justify its finding that the accident sustained by claimant was in-

cident to his employment and arose in the course of his employment.

It is next contended that assuming claimant was in the course of his employment at the time in question his accident did not arise out of his employment. The basis of this argument is that claimant was subject to epilepsy and that the cause of the accident was an epileptic seizure. Claimant testified that the street contained some ice and snow, and after he had left the stoplight on the Raymond Road proceeding easterly he felt the car slipping on the ice and that was the last he remembered. Falks testified that when he realized the automobile was veering to the left he looked and claimant was slumped over the wheel and the automobile was completely out of control; that apparently claimant's foot was on the accelerator as the car was increasing in speed until it hit a tree, causing the injuries.

Appellants cite several cases from other jurisdictions, including some involving epileptic seizures, where people fell and sustained injuries and the Court held that the accident did not arise out of and in the course of employment. They also cite Brookhaven Steam Laundry v. Watts, 214 Miss. 569, 55 So. 2d 381 (1951), on suggestion of error, 59 So. 2d 294 (1952), where the employee was shot while in the course of his employment but the shooting had no connection with his work. We are of the opinion that the cases relied upon by appellant are not controlling or persuasive. Most all of the cases relied upon by appellant involve falls. The entire risk in the instant case was not the epileptic seizure, if in fact claimant had one. Assuming that claimant did have a seizure and lost consciousness, the fact that he was driving an automobile in the course of his employment subjected him to the additional risk of travel, which is an entirely different matter from a person who merely falls to the floor. It was the impact of the automobile with the tree that caused the injuries to claim-

ant and we think that there were two concurring causes of claimant's injury. The seizure was personal to claimant but the risk of travel arose from the employment and the two concurred to produce the injuries.

██ ██ We therefore hold that there was substantial evidence that the accident arose out of claimant's employment. Undoubtedly the fact that claimant was travel-when he suffered the epileptic seizure increased the risk of injury. ██ ██ This Court has recognized that when the conditions of employment increase the risk of injury, the claim is compensable although the primary cause of the injury has no causal connection with the work. See Pigford Bros. Construction Co. v. Evans, 225 Miss. 411, 83 So. 2d 622 (1955); Jackson v. Bailey, 234 Miss. 697, 107 So. 2d 593 (1958).

Appellants also contend that this case should be remanded to the Commission for determination of the amount of compensation payable in the event the case is affirmed on liability. This contention is based on the argument that since the attorney-referee made no award of compensation and made no specific finding as to the extent of disability and the order of the full Commission which reversed the attorney-referee's order was for the payment of permanent and total compensation benefits, the Commission ignored the issue of the extent of disability.

The proof showed that in addition to other injuries sustained by claimant his windpipe and vocal chords were severed. He was hospitalized and the first efforts of the physicians were to save his life because he was in a precarious condition. When he recovered sufficiently from the effects of the accident, he underwent an operation to repair his windpipe and vocal chords, but only the left vocal chord was repairable; it was scarred and the nerve tissues damaged, as a result of which the claimant, who had a normal voice prior to the accident, can now only speak in a whisper. Since the claimant's

recovery from his operation, his principal disability is the fact that he can only speak in a whisper. Officials of employer admit that he cannot do the work he was doing at the time of his injury because that work requires him to be able to speak with a normal voice.

■■ Claimant has sought to rehabilitate himself by contacting the State Department of Vocational Rehabilitation, and that organization worked out a training program with Good Will Industries of Mississippi, and at the time of hearing, claimant was taking therapy lessons to improve his ability to communicate. The Good Will Industries program is designed to teach him the procedures of that organization and to find a suitable place for him in the organization. Good Will was paying claimant at the time of the hearing $25 per week and he was receiving $60 per month training maintenance from the State Department of Vocational Rehabilitation. We are of the opinion that the Commission was justified in finding that the claimant was totally disabled at the time of the hearing. It did not pretermit the question of the extent of disability because it ordered payment of total and permanent compensation benefits based on a monthly salary of $250 per month. Appellants contend that since claimant is capable of keeping books and can talk in a whisper that he has an earning capacity, and therefore the cause should be remanded for determination of the extent of the disability. The Commission was justified in finding that claimant was totally disabled up until the time of the hearing within the meaning of the Workmen's Compensation Law, therefore, it is not necessary to remand the case for that question.

■■ The award of compensation for total benefits continues until changed by the Commission. Appellants are entitled to request a review of the compensation order by the Commission under the provisions of Mississippi Code Annotated section 6998-27 (1956). We affirm the order of the Commission ordering total and

permanent disability benefits and medical payments and remand the case to the Commission.

Affirmed and remanded.

*Lee, C. J., and Ethridge, Brady and Inzer, JJ.,* concur.