INZER, Justice:
This is an appeal from an order of the Circuit Court of Humphreys County affirming an award of compensation by the Workmen’s Compensation Commission. We affirm and remand to the commission.
Mrs. Essie O. Long, appellee herein, was employed as a knitter by Cooper’s, Inc. of Mississippi, a garment factory. Her duties consisted of overseeing the operation of a number of cloth knitting machines and replacing the spools of thread as they were exhausted. Appellee’s record at Cooper’s showed she was a good worker with infrequent absences due either to personal reasons or “nerves”. The health report that was filled out in 1959 when she first started to work and another one filled out in 1964 after a brief separation from Cooper’s, Inc. showed that appellee had previously suffered a back condition of undetermined nature but that it was now “OK.” The 1959 history report showed that Mrs. Long had last consulted a physician in 1959 for a back condition.
On October 13, 1965, Mrs. Long went to work and began her duties as usual. While she was in the process of rethreading one of the machines she fainted and fell to the floor on her back, striking her head against a neighboring machine. The cause of the fainting spell is not clear, however, there was testimony that in order for Mrs. Long to rethread the machine it was necessary to take a three pound spool and reach above *868 her head “in a kind of craning position” and that this was somewhat of a strain. She testified that she did not know what caused her to faint and it had not occurred before. She stated that she began to feel the pain in her back when she was being taken home right after the accident. She stopped by to see her family doctor but he did not examine her. When her back continued to give her trouble she went on October 16, 1965, to another doctor who examined her and found indications of an injury. He first prescribed a conservative treatment consisting of sedatives and bed rest. On a subsequent visit he found her condition little changed although he noticed she was more tense.
At the end of her two week leave of absence Mrs. Long testified she felt that she needed to begin work again and secured a note from the doctor stating she was unable to undertake any strenuous physical work. For two months she was assigned as an instructor in the knitting department, but was then transferred to the box making department. She was unable to keep up the proper production quota. Her supervisor testified at the hearing that there “wasn’t anything wrong with her work. She said she couldn’t do it because it hurt her back.”
On January 26, 1966, she was given a notice of termination which gave as reason for dismissal “physically unable to do work.”
The pain in Mrs. Long’s back continued and after a few more examinations the doctor suggested she see a specialist. On two occasions she went to see Dr. Forrest T. Tutor, a neurosurgeon at the University Hospital, Jackson, Mississippi. On the final visit Dr. Tutor decided the conservative treatment had proved unsuccessful and suggested that a myelogram be carried out. He testified at the hearing before the attorney referee that there were signs of nerve root involvement and that straight leg raising was limited to 30 degrees on the left side. Due to the lack of funds the myelogram was not performed.
The commission found that claimant sustained an accidental injury to her back as a result of her fall and that such injury arose out of her employment. It ordered that her employer and its carrier pay temporary total disability until such time as she reached maximum medical recovery or until her condition became static and a reevaluation had been made. Since claimant had not reached maximum medical recovery the commission could not determine to what extent, if any, claimant was permanently disabled or to what extent, if any, a pre-existing physical handicap, lesion or disease contributed to the results following the injury.
Appellants contend that claimant’s injury was the result of an idiopathic level-floor fall and that the circuit court was in error in affirming the commission’s findings that her injury arose out of her employment. Appellants cite and rely upon cases from other jurisdictions involving level-floor falls in which compensation was denied. However, these cases involved facts that are readily distinguishable from the case here and are what might be termed true idiopathic level-floor fall cases. Appellants also cite and rely upon Malone & Hyde of Tupelo, Inc. v. Hall, 183 So.2d 626 (Miss. 1966). In this case Hall was driving a truck for his employer and as he was driving along he sneezed and immediately experienced severe pain in his lower back and legs. The commission denied compensation and we affirmed their finding that the sneeze was unrelated to his employment. There was no evidence that Hall was doing anything about his employment that caused him to sneeze. We think that the present case is readily distinguishable from Hall. Here the claimant was engaged in performing her duties of replacing a spool on a machine. She was standing with her arms over her head and in a “craning” position. When she fell, her head hit the leg of another machine. Although it may be said that the cause of claimant’s blacking out or fainting was personal to her, the proof shows that she was actually *869 performing a duty which caused her to be in a position where there was an additional risk if she fell. Actually when she fell, her head hit the leg of another machine. We are of the opinion that there was substantial evidence to support the finding of the commission that claimant’s injury arose out of her employment. Aetna Finance Co. v. Bourgoin, 252 Miss. 852, 174 So.2d 495 (1965); Mississippi Federated Cooperatives v. Jefferson, 224 Miss. 150, 79 So.2d 723 (1955).
We hold that the judgment of the circuit court which affirmed the order of the commission should be affirmed and that this case should be remanded to the commission for a further hearing as contemplated by the commission. However, there is another assignment of error that should be passed upon since it involves the question of whether claimant had a pre-existing back injury and to what extent, if any, it contributed to the results following the injury.
The appellants in their answer had pled “[i]n the alternative if claimant sustained any injury with this employer, she was suffering a pre-existing condition or infirmity which materially contributed to her disability for which apportionment should be granted.” At the close of the hearing the appellants offered Dr. Toxey Hall who was asked to testify as to treatment given Mrs. Long two months before the accident occurred. Mrs. Long objected to the testimony on the grounds that the information was privileged. The attorney referee agreed and the objection was sustained. The purpose of this testimony was to show that claimant had a pre-existing back injury.
In 1906 the Legislature of the State of Mississippi approved a statute recognizing the privilege accorded to communications between patient and physician. Miss.Code 1906 § 3695. In 1944 the section was amended to allow the waiver of the privilege by the personal representative or legal heirs of the patient after his death. Miss. Code 1942 Ann. § 1697 (1956). Since then no amendments have been made to this section and it reads as follows:
“All communications made to a physician or surgeon by a patient under his charge or by one seeking professional advice, are hereby declared to be privileged, and such physician or surgeon shall not be required to disclose the same in any legal proceeding, except at the instance of the patient or in case of the death of the patient, by his personal representative or legal heirs in case there be no personal representative.” § 1697, supra.
In 1948 the Mississippi Workmen’s Compensation Law was enacted. Among other benefits the statute requires that the employer provide medical care for industrial accidents occurring within the scope of the employment. Miss.Code 1942 Ann. § 6998-OS (1952). Section 6998-08, in setting up the liability of the employer for medical treatment, also provides the procedure to be followed and the limits to that liability. It also contains a subsection which reads as follows:
“(f) Medical and medical treatment as provided in this section shall not be deemed to be privileged in so far as carrying out the provisions of this act is concerned. All findings pertaining to a medical examination, either at the instance of the employer or by order of the commission, shall be reported on commission forms and copies made available to both employer and employee.” § 6998-08, supra.
The above quoted section appears to be the only action of the legislature relative to the effect of the patient-physician communication privilege within the Workmen’s Compensation Act. It is clear moreover, from the context of the whole of section 6998-08, that the specific negation of the privilege contained therein is limited to the provisions of that section. It is therefore clear that appellants’ contention that subsection (f) of section 6998-08 prohibits the invocation of the patient-physician communica *870 tion privilege in proceedings before the Mississippi Workmen’s Compensation Commission is without merit.
The Act does contain, however, the following language concerning procedures to be followed in hearings before the commission:
“(a) In making an investigation or inquiry or conducting a hearing, the commission shall not be bound by common law or statutory rules of evidence or by technical or formal rules or procedure, except as provided by this act, but may make such investigation or inquiry or conduct such hearing in such manner as best to ascertain the rights of the parties. * * * ” Miss.Code 1942 Ann. § 6998-28 (1952).
This Court has never held nor do we now hold that the above quoted section prohibits the use of common law or statutory rules of evidence. Indeed, such a total disregard of time honored guide lines and rules would be violative of due process. What this section does provide is that in the pursuit of the full development of the facts the commission may, in its discretion, relax such rules or procedural technicalities in order to more fully develop the facts. A further indication that the legislature did not intend to completely abolish the patient-physician communication privilege by the provisions of section 6998-28 is the specific mention of the limitations of that privilege under section 6998-08, i. e., if section 6998-28 was a general abolition there would have been no need for the specific and limited abolition appearing in subsection (f) of section 6998-08.
We therefore hold that the patient-physician communication privilege is a rule of evidence and is not abolished by the Mississippi Workmen’s Compensation Law except insofar as it is specifically provided under section 6998-08. There is, however, under section 6998-28 a grant of authority to the Workmen’s Compensation Commission to relax, in its discretion, the traditional common law and statutory rules of evidence in order to obtain a full development of the facts concerning each claim.
The proper question presented by this case is whether the attorney referee abused his discretion in refusing to relax the patient-physician communication privilege in order to let in testimony concerning a preexisting injury. We are of the opinion that under the circumstances of this case the attorney referee did so abuse his discretion.
The Mississippi Workmen’s Compensation Act provides for the apportionment of compensation when there is a pre-existing physical handicap, disease or lesion which contributes to the production of the results following injury. Miss.Code 1942 Ann. § 6998-04 (Adv.Sh.1968). It was for the purpose of taking advantage of this provision that appellants offered the testimony which was refused.
The following factors present in this case are ones which taken together produce the cumulative circumstances of abuse of discretion :
1. Appellants had specifically pled the pre-existing injury sought to be proved by the testimony offered.
2. There was independent corroborative evidence of the pre-existing injury.
3. The appellee admitted at the hearing having a condition similar to the injury on which the claim was based although she said it had been completely healed.
4. The injury was of such a nature that the examinations provided under the Act would have very little chance of showing a similar pre-existing condition.
5. The testimony offered concerned treatment preceding, but in very close proximity to the date of the injury.
It is to be stressed that it is not any one of these factors viewed separately that constitutes the circumstance of abuse of discretion, but rather it is the cumulative effect produced by all of them.
*871 We therefore hold that there is substantial evidence to support the commission’s finding of a work related injury, but when the re-evaluation hearing is held, Dr. Hall should be allowed to testify relative to any facts within his knowledge that are pertinent to the issue of pre-existing back injury. However, it is to he stressed that the decision we make in this case does not throw open all of appellee’s or any other claimant’s personal medical history to public record because of a claim for compensation under the Workmen’s Compensation Law, but rather only that history which is contemplated by the principles of this decision.
For the reasons stated this case is affirmed and remanded to the commission for further proceedings in accordance with this opinion.
Affirmed and remanded.
GILLESPIE, P. J., and RODGERS, SMITH and ROBERTSON, JJ., concur.
INZER, Justice:
ON MOTION
A judgment was entered in this Court on the 13th day of January, 1969, affirming this cause. Appellee filed a motion to correct the judgment so as to provide for interest and the five percent penalty as provided by statute and for the enforcement of our judgment by the Workmen’s Compensation Commission. Appellants answered the motion and urge that the judgment as entered is correct and that the motion should be overruled. Our judgment affirmed the judgment of the Circuit Court of Humphreys County, which had affirmed an order of the Workmen’s Compensation Commission entered on September 7, 1967. The commission had ordered appellants to pay to appellee $35 per week as temporary total disability until such time as appellee reached maximum medical recovery or her condition became static and a re-evaluation had been made. The order further provided that appellants pay for, furnish and provide medical services and supplies for appellee and to pay the penalty as provided by Section 13[e] of the act on all payments due and unpaid.
It is well settled that when an order of the Workmen’s Compensation Commission which provides for weekly compensation for a fixed period is affirmed by this Court, the claimant is entitled to interest at the rate of six percent on each installment from its due date and in addition thereto is entitled to five percent statutory damages on all payments due at the time of the affirmance.
The difficulty here is that the order which was affirmed provides for only temporary total disability and there has never been any adjudication that ap-pellee is permanently disabled. There is no presumption that temporary total disability continues indefinitely. Nearly two years elapsed from the date of the order of the commission until the award was affirmed in this Court. We cannot presume that the disability continued for this period. Appellants had a right to appeal from the order of the commission and during the pen-dency of such appeal the commission could not entertain and hear any controversy relative to the award. The claimant may have reached maximum medical recovery many months ago. Jackson Ready-Mix Concrete & Western Casualty & Surety Co. v. Young, 236 Miss. 550, 111 So.2d 255 (1959).
The only definite and fixed amount that we can determine as being due at the time the award was affirmed in this Court was those payments that were past due and payable at the time the commission made the award. Our judgment should have provided for interest, five percent damages and the payment of the penalty under Section 13[e] on all payments due up until the date of the order of the commission. If it develops on a further hearing that appellee had not reached maximum *872 medical recovery prior to the date the judgment of this Court affirmed the award, the commission will require appellants to pay interest and five percent damages up until that date. If it develops that appellee reached maximum medical recovery prior to the date of our judgment the commission shall require the payment of interest and five percent damages only from the period from the date of its order to- the date of maximum medical recovery. The penalty imposed by the commission under Section 13 [e] was affirmed by this Court and the commission will, of course, enforce that penalty for such period as the law requires.
The motion to correct the judgment in this case is sustained and our judgment will be corrected as to provide that appellants and the surety on the appeal bond pay interest at the rate of six percent per annum on all weekly payments due and payable to the date of the order of the commission and for five percent statutory damages until that date together with the penalty under Section 13 [e] of the act. The judgment will also provide that the cause be remanded to the commission for the enforcement of the judgment of this Court and for further proceedings in accordance with this opinion and our former opinion.
All Justices concur.