465 P.2d 633

Joseph A. SPANBAUER, Claimant-Respondent,

v.

PETER KIEWIT SONS' COMPANY, Employer, and Aetna Casualty & Surety Company, Surety, Defendants-Appellants.

No. 10463.

Supreme Court of Idaho.

March 3, 1970.

Coughlan, Imhoff, Christensen & Lynch, Boise, for appellants.

S. A. Kolman, Jerome, for respondent.

McQUADE, Justice.

On September 11, 1968, the claimant-respondent, Joseph A. Spanbauer, was injured in an automobile accident on his way to work. He was employed then by Peter Kiewit & Sons Co., defendant-appellant. Respondent duly filed a "Notice of Injury and Claim for Compensation" and a hearing was ultimately had in late February, 1969, in Twin Falls. The only issue before the Board at that time was "whether claimant suffered a personal injury by accident arising out of and in the course of his employment." In May, 1969, the Board issued its decision, ruling that the claim-

ant's injuries were compensable. From that decision, appellants bring this appeal.

The accident out of which this claim arose occurred as respondent and one Ellston were driving to work in Ellston's car at approximately 6:30 a. m. Both men were employed by appellant on construction of a segment of Interstate 80N in South-Central Idaho. At the time of the accident they were driving on the unfinished roadbed of Interstate 80N, but they were still about thirteen miles from the site at which they were to work that day. At this point Ellston, apparently blinded by oncoming headlights, drove into a gravel pile standing on the roadbed. Spanbauer suffered the injuries of which he complains at this time. This accident occurred between thirty and forty minutes before respondent and Ellston were required to report for work.

Appellant had completed work on the part of the roadbed, where the accident took place, in late spring or early summer, 1968. There was testimony that, as between appellant and another contractor, appellant no longer had responsibility for repairs to the roadbed in that area. A supervisor employed by appellant had instructed Ellston and respondent to take a county road which ran roughly parallel to the construction site. The county road was roughly adjacent and parallel to the unfinished Interstate roadbed. The two routes were about the same length and were apparently equally available to respondent and Ellston. While the unfinshed Interstate roadbed was somewhat more direct and had fewer curves than the county road, there was a known and established policy of appellant and of the State Highway Department to exclude all traffic not strictly necessary to the work from the highway construction project. The two routes were apparently considered to be equally attractive alternatives by the general public and by persons involved in the construction of the highway.

██ The collective bargaining con-- tract between appellant and respondent's union provided that union members who had to travel to jobs over fifty miles distant (in this instance, from Twin Falls) would receive four dollars per day transportation allowance. The Board ruled that this travel expense agreement became part of his employment compensation. This conclusion is stated as a ruling of law, and as such is error. While proof of compensation for travel expenses or for travel time may be some evidence that appellant regarded respondent's travel as part of his job, such evidence alone cannot support a conclusion that the accident in this case was in the course of respondent's employment.[1] The mere fact that there was such a travel allowance is not conclusive as a matter of law that the accident occurred in the course of a claimant's employment.[2] The Board's decision, based as it was on an erroneous legal theory, may not stand. We are not able, in reviewing this record, to discover any substantial, competent evidence upon which, if believed by the Board, this award could be predicated.

██ When an employee is injured while driving to work in a private automobile, there is a presumption that his injury did not arise out of and was not in the course of his employment. In order to

---

1. *See* In Re South, 91 Idaho 786, 788, 430 P.2d 677, 679 (1967) ; *see also* Pribyl v. Standard Electric Co., 246 Iowa 333, 67 N.W.2d 438, 443 (1954).

2. *See* Norvill v. Paul Hardeman, Inc., 377 P.2d 208 (Okl., 1962) ; Edward Hyman Co. et al. v. Rutter, 241 Miss. 301, 130 So.2d 574 (1961); Public Service Co. v. Industrial Com., 370 Ill. 334, 18 N.E.2d 914 (1938).

Although the findings of fact of the Industrial Accident Board, if they are supported by substantial, competent evidence, are binding on this Court, it is within the province of this Court to set aside an award not supported as a matter of law. Idaho Const., art. 5, sec. 9, I.C. § 72–609; Wachtler v. Calnon, 90 Idaho 468, 472, 413 P.2d 449, 451 (1966); Hix v. Potlatch Forests, 88 Idaho 155, 159, 397 P.2d 237, 240 (1964) ; In Re Duncan, 83 Idaho 254, 259, 360 P.2d 987, 989–990 (1961).

overcome that presumption a claimant must present evidence that there was a special risk or service incident to his employment involved in his travel.[3]

The "peculiar risk" doctrine was recognized by this Court in Jaynes v. Potlatch Forests.[4] This Court, in that case, extended the concept of "course of employment" beyond the premises of the employer in instances where

> "there is such an obvious causal relation between the work and the hazard that the course of employment concept must be expanded to cover such employees, otherwise an injustice in the denial of compensation for an injury caused by the employment would result; it is a recognition of the causal connection between the conditions under which an employee must approach and leave the premises of the employer and the occurrence of the injury; it recognizes that the employment involves peculiar and abnormal exposure to a common peril which annexes itself as a risk incident to and inseparable from the employment; it is not necessarily based upon nearness to the plant nor upon reasonable distance therefrom or even identifying the surrounding area as an integral part of the premises for all practical purposes but upon a causal relationship between the work and the hazard." [5]

But, this Court was also careful to state that the exception propounded in that case was not intended to cover all possible accidents, but only instances where there was a very real and special danger, and that it did not protect an employee against all hazards on his journeys from home to work and from work back to his home.[6]

■ Upon an examination of the record in this action we can find no substantial competent evidence which would support a finding by the Board that the risk to which respondent fell victim was peculiar to employment with appellant. Respondent was injured while riding in a privately owned automobile, a half an hour before his employment was to begin, not under his employer's control (indeed the route chosen was in direct contravention of his employer's directions), on one of two alternative routes, when the car in which he was riding struck a gravel pile placed in its path by unknown third parties. Respondent suffered his injuries while in an automobile accident on his way to work as might have any other person proceeding along that roadway that morning and thus the injuries respondent received were not compensable. The order of award is reversed.

· McFADDEN, C. J., and DONALDSON, SHEPARD and SPEAR, JJ., concur.

3. In Re South, *supra*, note 1, at 789, 430 P.2d 677; *see also* In Re Croxen, 69 Idaho 391, 207 P.2d 537 (1949).

4. 75 Idaho 297, 271 P.2d 1016, 50 A.L. R.2d 356 (1954).

5. 75 Idaho 297, at 302, 271 P.2d 1016, at 1018, 50 A.L.R. 356, at 361–362.

6. 75 Idaho 297, at 301, 303, 271 P.2d 1016, at 1019, 50 A.L.R.2d 356, at 361, 363.