666 P.2d 635 (1983)
105 Idaho 108
In the Case of Edwin H. BARKER (Deceased).
Katie L. BARKER, Claimant-Appellant,
v.
FISCHBACH & MOORE, INC., employer, and The Travelers, surety, Defendants-Respondents.
No. 14273.
Supreme Court of Idaho.
July 8, 1983.
*636 William R. Hollifield, of Decker and Hollifield, P.A., Twin Falls, for claimant-appellant.
John W. Barrett, of Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-respondents.
DONALDSON, Chief Justice.
The decedent, Edwin H. Barker, was an electrician employed by the respondent, Fischbach & Moore, Inc., and was paid $90 per week as a travel allowance for trips to the work site located about 137 miles from his home in Twin Falls and 26 miles east of Arco. During the week the decedent stayed in Arco and on the weekends returned to his residence in Twin Falls. The contract between the union and the employer provided that a maximum of $18 per day would be paid as reimbursement for travel.
On April 25, 1980, the decedent left the work site for a dentist appointment in Twin Falls at approximately twelve noon. While driving to Twin Falls he was involved in a one-vehicle accident that resulted in his death.
The decedent's wife filed a claim for death benefits and a hearing was held before the Industrial Commission. The Commission denied benefits after concluding that because the employee had left the work site and was traveling to Twin Falls he was not engaged in employment for the employer at the time of the accident. Thus, the only issue raised on appeal is whether there is substantial, competent evidence to support the Commission's findings or whether the Commission erred as a matter of law in finding that Barker was not acting within the course of his employment while driving from the work site located near Arco to Twin Falls. Curtis v. Shoshone County Sheriff's Office, 102 Idaho 300, 629 P.2d 696 (1981).
For workmen's compensation to be due the employee must have been within the course of employment when he was injured or killed. I.C. § 72-102(14)(a); I.C. § 72-201. Unless an exception applies, under ordinary circumstances a worker is not in the course of employment while going to and from an employer's place of business for purposes of workmen's compensation law. Clark v. Daniel Morine Construction Co., 98 Idaho 114, 559 P.2d 293 (1977); Spanbauer v. Peter Kiewit Sons' Co., 93 Idaho 509, 465 P.2d 633 (1970). The reason the employee is generally not awarded compensation for injuries that occur while traveling to and from work is that the employment relationship is considered to be suspended from the time the employee leaves his work to go home until he resumes his work the next day.
Even though the general rule is that an employee is not within the course of employment while traveling to and from work, the concept of "course of employment" is extended when there is a special risk or service incident to the employee's employment involved in his travel. Jaynes v. Potlatch Forests, 75 Idaho 297, 271 P.2d 1016 (1954); Ridgway v. Combined Insurance Companies of America, 98 Idaho 410, 565 P.2d 1367 (1977); Clark, supra; Spanbauer, supra; In re South, 91 Idaho 786, 430 P.2d 677 (1967); Diffendaffer v. Clifton, 91 Idaho 751, 430 P.2d 497 (1967). This Court has applied this exception where,
"`there is such an obvious causal relation between the work and the hazard that the course of employment concept must be expanded to cover such employees, otherwise an injustice in the denial of compensation for an injury caused by the employment would result; it is a recognition of the causal connection between the conditions under which an employee must approach and leave the premises of the employer and the occurrence of the injury; it recognizes that the employment involves peculiar and abnormal exposure to a common peril which annexes itself as a risk incident to and inseparable from the employment; it is not necessarily based upon nearness to the plant nor upon reasonable distance therefrom or even identifying the surrounding area as an integral part of the premises for all practical purposes but upon a causal relationship between the work and the hazard.'" *637 Spanbauer, 93 Idaho at 511, 465 P.2d at 635 (quoting Jaynes, 75 Idaho at 302, 271 P.2d at 1018).
The appellant argues that the decedent's trip from the remote site to Twin Falls, a distance of approximately 137 miles, was not the normal commuter trip and was a risk reasonably related to his employment. The Industrial Commission found that "[t]he evidence does not establish that there was a special or peculiar risk in connection with the travel of the decedent to or from his home and the work site." As noted in the cases cited above, this exception does not apply when an injury is sustained as a result of a common peril, but only when a special risk is presented. Therefore, the evidence is sufficient to support the Industrial Commission's finding that there was no special risk incident to the decedent's employment involved in his travel.
The appellant also claims that another exception to the going and coming rule is applicable to this case. The appellant argues that when the employer contracts to pay for the expense of travel the journey should be held to be in the course of employment. The Industrial Commission denied the claim on this basis and relied on Spanbauer v. Peter Kiewit & Sons' Co., 93 Idaho 509, 510, 465 P.2d 633, 634 (1970), in which this Court held that, "[w]hile proof of compensation for travel expenses or for travel time may be some evidence that appellant [employer] regarded respondent's [employee's] travel as part of his job, such evidence alone cannot support a conclusion that the accident in this case was in the course of respondent's [employee's] employment."
Even though some jurisdictions have held that an employee is in the course of employment while traveling to and from work if he is paid travel expenses by the employer, Industrial Commission v. Lavach, 165 Colo. 433, 439 P.2d 359 (1968); Westinghouse Electric Corp. v. Department of Labor and Industries, 94 Wash.2d 875, 621 P.2d 147 (1980), other jurisdictions, along with Idaho, have applied the rule that the payment of travel expenses is only some evidence that the employer regarded the employee's travel as part of his job. Spanbauer, supra; Fisher Contracting Co. v. Industrial Commission, 27 Ariz. App. 397, 555 P.2d 366 (1976); Zenith National Insurance Co. v. Workmen's Compensation Appeals Board, 66 Cal.2d 944, 59 Cal. Rptr. 622, 428 P.2d 606 (1967); Matter of Willey, 571 P.2d 248 (Wyo. 1977). The author of a leading treatise suggests other evidence indicating the employer regards the employee's travel as part of his job: (1) extended cross-country travel to reach the employment site; and, (2) the size of the travel allowance paid. 1 Larsen, The Law of Workmen's Compensation, § 16.30 (1982).
In Spanbauer, supra, the case relied on by the Industrial Commission, the claimant was denied compensation by this Court because there was no evidence that the employee was within the course of employment at the time of the accident. The claimant in Spanbauer was employed by the appellant to work on the construction of a segment of I-80N in south-central Idaho. At the time of the accident the employee was driving on an unfinished roadway. His employer had instructed him to take a county road that ran parallel to the unfinished road because it was an established policy to exclude all traffic from the unfinished road that was not necessary to the construction project.
The one critical factor not set forth in the Court's analysis in Spanbauer was that the employee injured himself while traveling on a route prohibited by the employer. By not adequately emphasizing this determining factor, the Spanbauer decision appears to find the evidence concerning the distance traveled to and from work and the amount of travel expenses paid by the employer to be irrelevant in deciding whether or not the exception should apply. Therefore, it is now necessary for this Court to emphasize that Spanbauer is to be read that the payment of travel expenses, along with other evidence indicating the employer intended to compensate the employee for travel time, will justify expanding the *638 course of employment to include going to and from work. See generally, 1 Larson, The Law of Workmen's Compensation § 16.30 (1982). However, an employee will not be within the course of employment when traveling a route prohibited by the employer. Therefore, we hold that as a matter of law the Commission erred in the way it applied Spanbauer to the facts of this case and after clarifying Spanbauer we now remand to the Industrial Commission to determine if other evidence, besides the payment of travel expenses, exists to support a finding that the employee was within the course of employment at the time of the accident.
Reversed and remanded.
Costs to appellant. No attorney fees on appeal.
SHEPARD, BISTLINE and HUNTLEY, JJ., concur.
BISTLINE, Justice, specially concurring.
Although I have concurred in the Court's opinion, I am more inclined to reverse with directions to enter an award in favor of the claimant, in line with the views I extensively set forth in Clark v. Daniel Morine Construction Co., 98 Idaho 114, 559 P.2d 293 (1977) (Bistline, J., dissenting).
BAKES, Justice, dissenting:
The majority attempts to circumvent the substantial evidence rule in this case by characterizing the issue as a question of law. However, it is clear from an examination of the commission's decision that they correctly applied the law to the evidence before them. The majority points to no definitive interpretation of law that is erroneous. Thus, the only question for review is whether there is evidence to support the commission.
The majority decides that the record shows no special risk or hazard involved in traveling to or from the job site and affirms the commission on that issue. However, the majority nevertheless reverses the commission because it feels that the commission failed to properly read Spanbauer v. Peter Kiewit & Sons Co., 93 Idaho 509, 465 P.2d 633 (1970). Yet, there is nothing in the commission's findings to indicate they actually did misread the Spanbauer case. In fact, the commission correctly stated the rule in Spanbauer in its conclusions of law, and relied upon that rule in denying benefits to the claimant. The same evidence which the majority finds supports the commission's finding on the "peculiar risk" issue also supports the commission's finding on the "travel expenses" issue.
Some of the findings made by the commission, supported by the evidence, include:
"[T]he decedent pursuant to a contract between the employer and the labor union of which the decedent was a member, was paid $90 weekly as a travel allowance as more specifically set forth in said contract... . The employer did not furnish any quarters, nor did the employer prescribe the route of travel to and from the work site.
"On April 25, 1980, the decedent left work at approximately 12:00 noon, ... the decedent's purpose in leaving early ... was ... to keep a doctor's appointment which was scheduled for 3:00 o'clock or 3:30 p.m. The appointment was a personal medical appointment which had been arranged by the decedent and his physician.
"The employer did not have control over the mode or means of transportation to be utilized by the decedent in traveling from Twin Falls, Idaho, to Arco, Idaho, or from Arco, Idaho, to the job site.... The employer had no control and exercised no control over the mode or means of transportation while the decedent was traveling from either the job site to Arco, Idaho, or from Arco, Idaho, to Twin Falls, Idaho, and made no designation concerning the mode or means of transportation utilized by decedent."
Since these findings are supported by substantial competent evidence, we cannot overturn them. The commission specifically found that travel expenses were paid and specifically made findings on all other evidence *639 relating to the course and scope of decedent's employment.
There is no indication in the commission's findings that they misread the Spanbauer case as the majority seems to think that they did. There is no indication that the commission, in applying the rule of the Spanbauer case, did not "adequately emphasize" the fact that in Spanbauer the employee took a prohibited route. I'm not entirely sure what the majority means by "adequately emphasiz[ing]" that fact, and the commission, on remand, may understandably be confused also. However, the findings which were made specifically included the distance and route traveled to and from work and the amount of travel expenses. There is no indication that the commission considered this evidence to be irrelevant in deciding whether or not to apply this exception, as the majority suggests. There is no further need for this Court to tell the commission to re-emphasize the rule in Spanbauer, because it appears from the commission's findings of fact and conclusions of law that they fully complied with the rule in that case. Because the commission's findings are fully supportable by the evidence, because the commission made no error of law, there is no reason to reverse the commission, and their decision should be affirmed.
Finally, the majority opinion concludes with the direction that, "[W]e now remand to the Industrial Commission to determine if other evidence, besides the payment of travel expenses, exists to support a finding that the employee was within the course of employment at the time of the accident." I do not understand the purpose of such a remand. The Industrial Commission was created to decide compensation cases, with the sole responsibility of determining the ultimate facts from an evidentiary record. They have done so in this case, finding that the employee was not within the course and scope of his employment at the time of the accident. Our authority, on appeal, as limited by the Constitution, is to determine whether or not there is substantial evidence in the record to support the commission's ultimate finding of fact. By reversing the commission's decision and remanding the cause to the commission "to determine if other evidence exists to support a finding that the employee was within the course of employment at the time of the accident," the Court is in effect saying to the commission that we think they decided the case wrongly and they should go back and probe the record to try to find evidence to support our preconceived view of how the case ought to be decided. Essentially, the majority of this Court has reversed the roles of the two bodies. This Court has become the factfinder, and we have remanded the case to the Industrial Commission for them "to determine if other evidence ... exists to support [our] finding... ." Try as it may, this Court seemingly cannot limit its review of Industrial Commission cases to the questions of law which Article 5, § 9, of the Idaho Constitution specifically prescribes as the sole issue which we may consider. Apparently the temptation to retry these cases on appeal is more than this Court is able to withstand. See, e.g., Gray v. Brasch & Miller Constr. Co., 102 Idaho 14, 624 P.2d 396 (1981); Bowman v. Twin Falls Constr. Co., Inc., 99 Idaho 312, 581 P.2d 770 (1978); Lyons v. Industrial Special Indemnity Fund, 98 Idaho 403, 565 P.2d 1360 (1977).