IRVING, J., for the court.
¶ 1. Betty Mooneyhan appeals from a judgment of the Circuit Court of Tunica County affirming a decision of the Full Commission of the Mississippi Workers’ Compensation Commission denying compensation benefits to her. In this appeal, Mooneyhan assigns error to the Commission’s finding that the automobile accident, which caused her injuries, did not arise out of the scope and course of her employment with Boyd, Inc. d/b/a Sam’s Town Hotel and Gambling Hall.
¶2. We reject Mooneyhan’s argument and affirm the judgment of the circuit court.
FACTS
¶ 3. On January 2, 1995, Mooneyhan was leaving work at Sam’s Town Casino in Tunica where she was employed as a card dealer. Just as she exited the parking lot of Sam’s Town’s premises to enter Highway 304, a four-lane paved public highway also known as Commerce Road, Mooney-han was struck by an oncoming car. As a result of the accident, she suffered some personal injuries, the nature and extent of which are not relevant to the issue before us.
¶ 4. Mooneyhan filed a petition to controvert claiming that the accident and injuries arose out of the course and scope of her employment. The parties agreed to bifurcate the hearing and allow the administrative law judge to determine the issue of compensability based solely on the briefs and the stipulated facts.
¶ 5. Pursuant to the stipulated facts, the administrative law judge denied Mooney-han’s claim and concluded that:
Ms. Mooneyhan left the zone of employment risk when she pulled out of the Sam’s Town parking lot. There were no special hazards on that part of Highway 304, or Commerce Road, and Ms. Moo-neyhan was in no more danger of accident than any other human being driving a vehicle on that part of the road— tourist or patron or employee of several different businesses. Her accident and resulting injury, while regrettable, are not compensable under the Mississippi *121 Workers’ Compensation Act, and the employer is .not liable for workers’ compensation benefits.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. Mooneyhan avers that she was forced to travel out of Sam’s Town’s parking lot and turn left to cross two lanes of traffic. Mooneyhan also argues that her facts fall within the special hazards exception to the “going and coming” rule. Moo-neyhan further contends that Highway 304 is the sole access road to her place of employment and that it is dangerous because of the high volume of traffic going to and from the casino. In addition, Mooney-han argues that the danger was enhanced by the higher than usual volume of traffic during the holiday season when her accident occurred.
¶ 7. As a reviewing court, we entertain appeals to determine whether or not the order of the administrative agency “was unsupported by substantial evidence, was arbitrary or capricious, was beyond the power of the administrative agency to make, or violated some statutory or constitutional right of the complaining party. These are the only grounds for overturning an agency action; otherwise, the agency’s determination must remain undisturbed.” Mississippi Comm’n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1993).
¶ 8. Quoting from Miller Transporters v. Seay’s Dependents, 350 So.2d 689 (Miss.1977), the Mississippi Supreme Court, in Stepney v. Ingalls Shipbuilding Division, Litton Systems, Inc., 416 So.2d 963 (Miss.1982), stated the general rule with reference to going to and returning from work as follows:
[T]he general rule [is] that the hazards encountered by employees while going to or returning from their regular place of work and off the employer’s premises are not incident to employment and accidents arising therefrom are not compen-sable.
Id. at 964.
¶ 9. However, there are exceptions to the general rule. Those exceptions were also set out in Stepney as follows:
(1) where the employer furnishes the means of transportation, or remunerates the employee; or (2) where the employee performs some duty in connection with his employment at home; or (3) where the employee is injured by some hazard or danger which is inherent in the conditions along the route necessarily used by the employee; or (4) where the employer furnishes a hazardous route; or (5) where the injury results from a hazardous parking lot furnished by the employer; or (6) where the place of injury, although owned by one other than the employer, is in such close proximity to the premises owned by the employer as to be, in effect, a part of such premises.
Id. (quoting Wallace v. Copiah County Lumber Co., 223 Miss. 90, 99, 77 So.2d 316, 318 (1955)). An employee who claims an exception to the general rule must prove that he comes within one of the exceptions. Aetna Fin. Co. v. Bourgoin, 252 Miss. 852, 858, 174 So.2d 495, 497 (1965).
■ ¶ 10. Mooneyhan’s argument that the accident arose out of or in the scope of her employment fails because her facts do not fit any of the exceptions. The parties stipulated that Mooneyhan was driving her own vehicle, that Sam’s Town provided neither transportation for her to and from work nor compensated her for transportation expenses related to travel to or from work, and that the accident did not occur on Sam’s Town’s premises.
¶ 11. Since the stipulated facts rule out the applicability of exceptions one, two, *122 and five, we direct our analysis to the third, fourth, and sixth exception. Moo-neyhan was not injured due to any hazard or condition inherently dangerous along Highway 304, the route utilized by her to travel to and from her employer’s premises. The accident report shows that Moo-neyhan was taking a right-hand turn from the employees’ parking lot on the access road which is a four lane divided public highway. However, Mooneyhan argues that contrary to the accident report, she was initiating a left turn. Whether Moo-neyhan was turning left or right is of no consequence because Mooneyhan was not exposed to a greater hazard than the general public. Wallace, 223 Miss. at 102, 77 So.2d at 319. Sam’s Town did not furnish a hazardous route. Highway 304 is owned by Tunica County and utilized not only by employees of Sam’s Town, but also by patrons of the three casinos located on that road as well as the general public at large. Finally, although Highway 304 is in close proximity to Sam’s Town’s premises, Mooneyhan introduced no evidence showing that entering or driving on Highway 304 was inherently dangerous or hazardous, nor was any evidence introduced showing a repetitive history of auto accidents, serious or minor. For the reasons stated, this assignment of error lacks merit; therefore, we affirm the judgment of the circuit court.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.