15799

SULLIVAN'S NEXT OF KIN v. GREENVILLE AUTO SALES, INC., *ET AL.*

(86 S. E. (2d), 801)

*Mr. Stephen Nettles,* of Greenville, Counsel for Appellants,

*Messrs. J. G. Leatherwood* and *W. E. Bowen,* both of Greenville, Counsel for Respondents,

February 8, 1946.

Mr. Associate Justice Stukes delivered the Opinion of the Court.

Fred D. Sullivan was a colored man about thirty years old who was employed as a laborer, a helper, in the paint shop of Greenville Auto Sales, Inc., which is a Ford automobile sales agency, operating repair and paint departments and a filling station in the City of Greenville. He went to work sober on February 8, 1944, and about noon was horribly burned by fire which originated in or about the heating stove in the paint shop, from which he died several hours lated in a hospital.

The appeal is from an award of workmen's compensation to his non-dependent next of kin. He was unmarried and childless and the award was made to his aged father (who however was not financially dependent upon him) pursuant to the existing law. Section 7035-43, Code of 1942.

The insurance carrier of the employer defended upon the ground that the fatal injury was not an accidental one and did not arise out of the employment. Section 7035-2 (f), Code of 1942. The affirmative defense was also interposed that the injury was the result of decedent's intoxication and his willful intent to injure himself and a fellow employee. 1942 Code, Section 7035-15. See *Reeves v. Carolina Foundry & Machine Works,* 194 S. C., 403, 9 S. E. (2d), 919. Voluminous testimony was taken on both sides and the problem presented to this Court is simply whether there was any competent evidence supporting the factual conclusions of the commission. It is elementary that if there was, the findings of the commission are conclusive upon the Court. Code, Section 7035-63 and South Carolina cases in 34 S. E. Dig., part 2, p. 845 *et seq.,* Workmen's Compensation, Key 1939. The Circuit Court properly said in the order under appeal: "It is too well settled to require the citation of authority that all questions of fact, the weight to be given the testimony and the credibility of the witnesses are all questions for the Industrial Commission and not for the Courts."

Then the court proceeded to find supporting evidence in the testimony of the witness Wardlaw who said that the deceased had come into the paint shop from his work outside to get- warm (incidental, of course, to employment) and it was established by this and other witnesses that it was Sullivan's duty to keep up the fire in the stove. But we have studied Wardlaw's testimony in the light of that of the other witnesses and we are unable to find in it any support of the conclusion that the fatal fire was the result of any act performed by Sullivan in the duties of his employment or incidental thereto. This witness was a very unsatisfactory one and was unable to remember, or to say that he had observed, facts which naturally he should have known. There was other evidence that he, too, was drinking on the day of the tragedy. Perhaps that explains his dearth of knowledge of the circumstances.

The closest bit of testimony which we find to evidentiary support of the conclusion that there was an accident arising out of Sullivan's employment is the statement of his fellow-employee McAbee who said: "I reckon he was fixing to start the fire." The statement bespeaks its nature of surmise and conjecture, upon which an award cannot properly rest. S. C. cases in 34 S. E. Dig., part 2, p. 777, Workmen's Compensation, Key 1409. (Furthermore, this was a fantastic "reckoning" for one does not start a fire by emptying a bucket of inflammable fluid into a hot stove.)

It was Sullivan's duty to start the fire in the heater, which he did upon his arrival for work at 8 o'clock or before and the other employees found it burning when they came; and it was customary to use in aid of it a little "paint thinner", a combustible liquid used, and kept in large quantities, in the shop. On this day Sullivan and some of the other employees had purchased rum or gin at a too convenient liquor store across the street and had been drinking, but continued their work. He had been engaged in "sanding" a car preparatory to painting and by mistake had attempted to use thinner instead of water in washing the car, after sanding and for the purpose of repainting. He was apparently angered by the

discovery of his mistake by the painter and took the gallon bucket with its remaining contents of thinner to the stove and was seen by one of the witnesses (whose warning was unheeded) about to empty it into the door of the hot stove. Then there was a flash fire which caught his clothing and the fatal burns to his body resulted.

Consideration of all the evidence gives rise to a ready inference that Sullivan threw the combustible liquid on or in the stove in a fit of anger or so drunk that he did not realize the danger. But that conclusion is not such as warrants a reversal of the judgment in this case for it embraces factual findings which are exclusively within the province of the Industrial Commission (if there is supporting evidence). It is inevitable in our view, but it is the commission's view of the evidence which controls, and not the court's.

But it is necessary that the award be reversed because there was no substantial evidence that the act of Sullivan which produced the deplorable result was connected at all with the performance of his duties or incident thereto; and that element is requisite to a proper award under the terms of the compensation law. Code, Sec. 7035-2 (f). This conclusion has been reached reluctantly and only after most careful consideration of the record which was before the Commission and the Circuit Court (on appeal), particularly the testimony of the witnesses McAbee and Wardlaw, which it would be tedious and unprofitable to further review.

The judgment is reversed for entry thereof in favor of appellants.

Mr. Chief Justice Baker and Messrs. Associate Justices Taylor and Oxner concur.

Mr. Associate Justice Fishburne did not participate.