235 P.2d 736

**ERIKSEN v. NEZ PERCE COUNTY et al.**

No. 7721.

Supreme Court of Idaho.

June 26, 1951.

Rehearing Denied Oct. 5, 1951.

Robert E. Smylie, Atty. Gen., Glenn A. Coughlan, Asst. Atty. Gen., for appellants.

McCarthy & Feeney, Lewiston, for respondent.

THOMAS, Justice.

Jacob Imanuel Eriksen, the claimant, on August 3, 1949 and for many years prior thereto, was employed by Nez Perce County, Idaho, on a monthly basis; his duties included the operation of a road grader and his normal working hours were from 8:00 A.M. until 5:00 P.M., subject to call at any time that road conditions required extra work.

He resided about six miles from the site of his work; generally he traveled to his work in the County truck but there were occasions when he used his own car, as a means of transportation, when requested by his foreman; he received no pay for the use of his car and only when the distance traveled was substantial, did the County supply gasoline for his car; the County had no control over claimant's means of transportation, or his acts and movements en route to place of employment.

On the evening of August 2, 1949, claimant's foreman requested him to use his own car and report early for work. On August 3, 1949 claimant, driving his own car, arrived at the site of his work at about 7:30 A.M.; the road grader was parked on a flat area in the shade along the side of the state highway. Claimant stopped his car along the side of the highway on a slight grade about 85 feet distant from the grader; he put the car in second gear but did not set the brakes; claimant got out of his car and started to walk toward the grader with the intention of pulling the grader on the highway then move his car on the flat space where the grader had been parked, after which he planned to proceed with the grader to the area where he was to work that day.

Claimant had a grease-gun, part of the grader equipment, in his car; it was his habit to take it home each night and bring it back the next morning to prevent someone stealing it from the grader during the night.

After he had walked a short distance toward the grader, noticing that his car was moving, he hurriedly returned to the car, jumped on the running board and attempted to bring it under control; the car swerved into the ditch, throwing claimant to the bottom of the ditch, injuring his right shoulder and head.

Claimant presented a claim under the Workmen's Compensation Act, I.C. § 72–101 et seq. A hearing was had before the Industrial Accident Board, which awarded him compensation. The appeal is from the award of the Board.

The facts are not in dispute.

The sole question for determination on this appeal, as conceded by both parties on

4

argument before the court and as set forth in their respective briefs, is whether or not claimant's injuries arose out of and in the course of his employment.

■ Appellants urge that the accident occurred at 7:30 o'clock A.M., prior to the time claimant's day's work was to commence; the fact that the accident occurred prior to the time that claimant's day's work was to commence, without more, will not bar recovery. Skeen v. Sunshine Mining Co., 60 Idaho 741, 96 P.2d 497.

■ As a general rule an accident does not arise out of and in the course of employment within the meaning of the Workmen's Compensation Law when it occurs when the employee is on his way to work and before he reaches the premises of the employer, or when he is on his way home and has left the employer's premises. In re Croxen, 69 Idaho 391, 207 P.2d 537.

This court pointed out in the case of Stover v. Washington County, 63 Idaho 145, 118 P.2d 63, at page 65, that the rule is well established in this state under the authority of Stewart v. St. Joseph Lead Co., 49 Idaho 171, 286 P. 927; Walker v. Hyde, 43 Idaho 625, 253 P. 1104; Neale v. Weaver, 60 Idaho 41, 88 P.2d 522, that the employer is not liable for an accident and resultant injury to an employee in a case where the accident occurred while the employee was traveling to or from his place of work on the public highway, or elsewhere not on the premises of the employer.

There are some well recognized exceptions to the general rule and it is necessary to determine 'whether or not under the facts and circumstances of any particular case such as the case now before us, it comes within any of such recognized exceptions which justify and support the conclusion that the injuries arose out of and in the course of employment.

■ Among the exceptions to the general rule will be found incidents where the employee is on the employer's premises in the vicinity of the actual situs of his employment; where going or returning in some transportation facility furnished by the employer; where traversing the only means of ingress or egress, whether furnished by the employer or by some other party and used with the knowledge and consent of the employer; where doing some particular job for the employer even though the place where the accident occurred and the cause thereof would be common to any traveler; where an employee is traveling to or from the employer's place of business upon some specific mission at his employer's request.

In the case of Walker v. Hyde, supra, an employee was injured in an attempt to get on a truck of the employer to return to his place of employment after lunch; the employer did not furnish the means of transportation to and from work; denying compensation on the grounds that the employee did not receive the fatal injury by reason of an accident arising out of and in

the course of his employment, the court pointed out that even giving the Act a liberal construction as the court should do, the facts must reveal that the accident arose because of something he was doing in the course of his employment and because he was exposed by the nature of such employment to some particular danger, and made the following statement: "We think it cannot be said that the injury followed as a natural incident of the work, or that it could have been contemplated as a result of any exposure occasioned by the nature of the employment. On the contrary, it was wholly foreign to it. Under the facts in this case it is not material that the accident occurred on the premises where the operations were being carried on, unless it was over a way provided by the employer, which the employee was required to travel, so that he was under the domination of the employer." [43 Idaho 625, 253 P. 1105.]

In the case of Neale v. Weaver, supra, compensation was denied where an employee was injured in attempting to start his automobile on the employer's premises at noon, in preparation to going to his home for lunch; it was the usual custom for the claimant to go back and forth at noon for his lunch; the employer did not furnish gasoline for his automobile nor did his employer have any control over his means of transportation nor pay him for his time used in going to his home for lunch; the court in denying compensation, among other things, pointed out that the mere presence of the employee on the employer's premises at the time of the injury, without more, was not compensable; that the accident must arise out of and in the course of employment and the employee must be engaged in some act related to the furtherance of such employment and using some instrumentality furnished by or under the control of the employer or connected with the employment which to some degree, even though it may be slight, contributed to or affected the accident.

The case of Larsen v. State Industrial Accident Commission, 135 Or. 137, 295 P. 195, 196, presents facts quite parallel to the facts in the instant case; in this case an employee who was riding to work in the automobile of a fellow-employee, was injured shortly before work was to commence, in an attempt to park the automobile on a platform; the car was driven over the edge of the platform, which did not belong to employer but which he had used as a place of storage without the knowledge or consent of the owner; the employees had also used this platform to park their cars without any authority or direction of the employer; the court decreed that this did not constitute an injury arising out of and in the course of employment. In so concluding the court made certain statements especially to the effect that the risk was not incidental to the employment, nor was the injury directly traceable to the nature of the work or to any

6

risk to which the employer's business exposed the employee; the statement made by the court is as follows: "* * * It is sufficient to say that an injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It arises 'out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

In the case of Mazursky v. Industrial Comm., 364 Ill. 445, 4 N.E.2d 823, the claimant was and had been for many years employed as a laundry truck driver; it was his duty to pick up the goods from his customers, deliver them to the laundry, which was done by early afternoon, and then wait for calls for late deliveries, and was also expected to return to the customer the goods after they were laundered; claimant had always driven to and from the laundry in his own car; the employer did not undertake nor assume any responsibility in connection with the maintenance, repair or operation of the personal cars of the drivers nor furnish any gasoline, nor pay for the use of such cars, nor even require the claimant or other drivers to bring their personal cars to work as a condition of employment; the claimant lived about four miles from the laundry and in the general direction of his neighborhood route, and on occasions where he had but a few bundles to deliver late afternoon on his route, he would use his personal car to make such deliveries on his way home; this practice was usual by the drivers and was known to the employer and had never been prohibited; some of the drivers, with the knowledge of the employer, had made repairs on their own personal cars at the employer's garage from time to time; late on the afternoon of the day of the accident the claimant noticed a flat tire on his own personal car, which he took off, and in attempting to make repair thereto, was injured.

The supreme court of Illinois, in denying the award, determined that he was not acting within the sphere of his employment, not performing any service for his employer, nor was the injury initiated in any risk connected with or incidental to his employment, and that the repairing of the automobile was not within the scope of his employment but that he was performing an act of a personal nature.

In the case of Lyons v. Michigan Boulevard Bldg. Co., Inc., 331 Ill.App. 482, 73 N.E.2d 776, the supreme court therein held that an employee, who, twenty minutes before she was obliged to go to work, entered the elevator in the office building where she was employed for the purpose of going to the wash room, preparatory to having breakfast in the cafe on the ground floor of the building, and was injured by the falling of a fixture in the elevator, did not suffer such injuries by an accident arising out of and in the course of her employment; the court reasoned that even where an accident occurred on the employer's premises, yet if it occurred while the employee was doing something for her own personal benefit she was not covered; the court stated that the law in the state of Illinois is well settled to the effect that an employee is not in the course of his employment even though he may be in the general area of it, if he is not engaged in the particular duties for which he was employed or in any work incidental to such employment; the claimant in urging that compensation should be allowed, stressed the fact that she was going to her place of employment and that the time was within a reasonable time of her starting time and that she was following the customary route provided by her employer and was at the time within the orbit, scope or sphere of her employment, all of which the court recognized, and then went on to state that her acts at the particular time were not to be performed for her employer in the course of her employment or incidental to it but were solely for her own private benefit and purposes and that, insofar as the record shows, at that particular time her employer had no control or authority over her movements and that she had the same rights at that time to use the elevator as any of the general public.

In another Illinois case, Illinois Country Club, Inc., v. Industrial Comm., 387 Ill. 484, 56 N.E.2d 786, 788, the court there in denying compensation made this pertinent statement: "* * * if an injury is caused by reason of some factor unrelated to the nature of the employment, it cannot be said to arise out of the employment, and an injury which cannot fairly be traced to the employment as a contributing, proximate cause, and which comes from a hazard to which the employee would have been equally exposed apart from the employment, does not arise out of the employment, as a causative danger must be peculiar to the work and not common to the neighborhood and the public."

In the case of Finley v. St. Louis Smelting & Ref. Co., Mo.Sup., 233 S.W.2d 725,

an employee, after finishing his day's work, injured his hand when he placed it under the hood of his automobile to start the fan; the automobile was parked at the time on the company's parking lot; the plant where he was employed was some distance from town and there was no public transportation available to or from the plant; claimant, as well as many other employees, elected to furnish their own means of transportation over which their employer had no control; in this case compensation was denied for the reason that the accident did not arise out of and in the course of his employment as compensation paid to an injured employee would depend upon whether his injuries should have been reasonably anticipated and expected by the employer and had become an incident to the employment; that his exposure to the injury was neither greater nor less than other members of the general public who drove automobiles on business or pleasure, and that there was no causal connection between the injury and the employment.

Injuries received by an employee while voluntarily engaged in some activity, undertaken solely for his own benefit, do not ordinarily arise out of or in the course of his employment especially where such activity is not an incident of his employment, nor has any connection or relation to such employment. 58 Am.Jur. Sec. 235, p. 740.

Applying the settled law of this state to the facts, we are constrained to the conclusion that the injury arose out of the performance of personal acts of claimant for his personal benefit, which acts were foreign to and had no causal or rational connection with his employment; that such acts were not a hazard to which he was exposed by the nature of his employment and hence his injuries did not arise out of and in the course of his employment.

The award of the Board is reversed.

No costs allowed.

GIVENS, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.