## 17577

Paul EVANS, Respondent, v. JONES-WILSON, INC., and General Accident Fire and Life Assurance Corporation, Appellants

(110 S. E. (2d) 851)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Appellants,*

*Messrs. Ray T. Culclasure* and *Kendrick & Stephenson,* of Greenville, *for Respondent,*

November 2, 1959.

LEGGE, Justice.

This is a workmen's compensation case, and the only issue that we need determine is whether there is any evidence reasonably warranting the inference that respondent's injury arose out of and in the course of his employment.

The essential facts are few and undisputed. Respondent was in the employ of Jones-Wilson, Inc., as a mortar mixer on a construction job at a school located on U. S. Highway No. 25 in Greenville County. His duties required him to be on the job by 7:30 a. m. in order to have the mortar

prepared for the brickmasons, who commenced work at 8:00 a. m. He testified that on the morning of September 26, 1957, he left his home in his 1949 Chevrolet pick-up truck and proceeded to the job site, arriving there about 7:25 a. m. He parked his truck on the school grounds, among some trees, off the driveway, and some three truck lengths from the mortar box. He pulled up the hand brake, got out, and was walking behind the truck on his way to his work area, when the brake "gave way", and the truck, rolling backward, struck him and broke his leg. Jones-Wilson, Inc., had no obligation to, and did not, provide for respondent's transportation to or from work. Respondent's truck was not used in the performance of his work. The part of the school premises on which respondent parked his truck was used for parking by the school and its employees; it was not under the control of Jones-Wilson, Inc., but the employees of that company used it, without objection, for parking of their vehicles.

Upon these facts the hearing commissioner denied com-, pensation. On appeal the full commission, by a three-two division, vacated his order and awarded compensation; and that award was affirmed by the circuit judge, from whose order comes this appeal.

We need not determine whether the evidence here affords reasonable warrant for the commission's finding, repeated in the circuit decree, that "the defendant-employer adopted the school yard as a part of its work premises." Accidental injury is not rendered compensable by the mere fact that it occurred on the employer's premises. The claimant must show also that the accident was connected with or incident to the performance of the duties of employment. *Sullivan's Next of Kin v. Greenville Auto Sales,* 208 S. C. 68, 36 S. E. (2d) 801; *Bridges v. Elite, Inc.,* 212 S. C. 514, 48 S. E. (2d) 497; *Crawley v. T. G. Griggs Trucking Co.,* 225 S. C. 154, 81 S. E. (2d) 41; *Bagwell v. Ernest Burwell, Inc.,* 227 S. C. 444, 88 S. E. (2d) 611; *Brady v. Sacony of St. Matthews,* 232 S. C. 84, 101 S. E. (2d) 50.

In our opinion the evidence here wholly fails to disclose, or to warrant reasonable inference of, any causal connection between the conditions under which respondent's work was required to be performed and the injury for which he claims compensation. Respondent had chosen his own vehicle as the means of transportation to and from work; his employer had nothing to do with its maintenance or its use. The risk of injury resulting from its defective braking system was in nowise connected with or incident to the employer-employee relationship. *Cf. Industrial Commission v. Enyeart,* 1927, 81 Colo. 521, 256 P. 314, in which compensation was denied where the claimant, driving home from work in the car of a fellow employee, and still on the employer's premises, had sustained injury by accident due to defective steering gear. Like result was reached in *Eriksen v. Nez Perce County,* 1951, 72 Idaho 1, 235 P. (2d) 736, where claimant, walking from his car which he had driven to the job site and had left in second gear, noticed that it was rolling, and sustained injury while attempting to bring it under control. So also in *Finley v. St. Louis Smelting & Refining Co.,* Mo. 1950, 233 S. W. (2d) 725, where claimant, having finished his day's work, was injured while trying to start the fan under the hood of his automobile parked on the company's parking lot.

Reversed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.