806 P.2d 450

**Gerald D. HANSEN, Plaintiff–Appellant,**

v.

**ESTATE OF James Scott HARVEY, John Doe One, Personal Representative of James Scott Harvey, and Don Harvey, Jr., Defendants–Respondents,**

**Robert C. LEHMAN, Plaintiff–Appellant,**

v.

**ESTATE OF James Scott HARVEY, John Doe One, Personal Representative of James Scott Harvey, and Don Harvey, Jr., Defendants–Respondents.**

**No. 17677.**

Court of Appeals of Idaho.

Feb. 5, 1990.

Review Granted April 6, 1990.

Michael J. Verbillis, of Coeur d'Alene, for plaintiff-appellant, Hansen.

Michael J. Vrable, Hayden Lake, for plaintiff-appellant, Lehman.

Clements, Brown & McNichols, Lewiston, for defendants-respondents. Appearance by Michael E. McNichols and argument by Bentley G. Stromberg.

BURNETT, Judge.

This case focuses on a juncture between tort law and worker's compensation law. Gerald Hansen and Robert Lehman have appealed from a summary judgment dismissing their tort action against an employer, Don Harvey, and against the estate of a co-employee, James Harvey. The issue before us is whether the district court correctly determined that Hansen and Lehman were barred from any tort recovery by the exclusive remedy provision of the Idaho worker's compensation law. We affirm.

The relevant facts are as follows. Gerald Hansen and Robert Lehman were employed by a business known as the Don Harvey Roofing Company, located in St. Maries, Idaho. One morning in July, 1985, Hansen and Lehman were traveling in one of Don Harvey's trucks to a job site in Spokane, Washington. The driver of the vehicle was a co-employee, James Harvey, a son of Don Harvey. A few miles south

of Spokane, the truck left the road and rolled several times. The single-vehicle accident seriously injured Hansen and Lehman. Tragically, it also took James Harvey's life.

After the accident, while Lehman and Hansen were hospitalized, family members applied on their behalf for worker's compensation benefits in the State of Washington. Because Don Harvey Roofing did much of its business in Washington, it had obtained worker's compensation insurance in that state. The Lehman and Hansen claims were approved. By the time the present action was filed in Idaho, Hansen had collected $53,545, and Lehman $26,875, in worker's compensation benefits.

In the Idaho action, Lehman and Hansen sought to recover damages in tort for their injuries. They alleged that James Harvey had been negligent in operating the motor vehicle, and that his negligence could be imputed to Don Harvey. Upon the defendants' motion for summary judgment, the court held that the injuries were covered by worker's compensation because the accident occurred during the course of employment. The court then concluded that any tort action was barred by I.C. §§ 72–209(1) and 72–209(3), which provide in pertinent part as follows:

(1) [T]he liability of the employer under this law shall be exclusive and in place of all other liability of the employer to the employee....

.    .    .    .    .

(3) The exemption from liability given an employer by this section shall also extend to ... all officers, agents, servants and employees of the employer....

In this appeal, Hansen and Lehman do not gainsay that the exclusive remedy principle expressed in I.C. § 72–209 applies to worker's compensation benefits received in Washington. *See* R.C.W. § 51.04.010 (Washington's parallel statute); *see generally* 4 A. LARSON, WORKMEN'S COMPENSATION LAW § 88.11 (1989) (hereafter cited as LARSON). Rather, Hansen and Lehman argue that the district court erred in determining that the accident producing their injuries occurred during the course of their employment.

This, of course, is contrary to the position they took when obtaining worker's compensation benefits in Washington. Accordingly, counsel for Don Harvey and James Harvey's estate have urged us to treat the course of employment issue as settled under the doctrine of issue preclusion. *See Pence v. Idaho State Horse Racing Comm'n*, 109 Idaho 112, 705 P.2d 1067 (Ct.App.1985). However, as noted in *Pence*, the doctrine of issue preclusion is subject to numerous exceptions, some of which have been argued here. *See generally* RESTATEMENT (SECOND) OF JUDGMENTS § 83 (1982). In any event, it would be of dubious application to any claim against James Harvey's estate. Consequently, we will not concern ourselves with issue preclusion, but will address the course-of-employment issue directly.

The issue is framed by our familiar standards governing review of summary judgments. We must determine whether a genuine dispute exists as to any material fact and, if not, whether the party prevailing below was entitled to judgment as a matter of law. *Whitlock v. Haney Seed Co.*, 110 Idaho 347, 715 P.2d 1017 (Ct.App.1986). Whether a given fact is "material" depends on the substantive law governing the issue.

Here, the substantive law governing course of employment is well established. Generally speaking, an accident is deemed *not* to be in the course of employment if it occurs while the employee is on his way to work and has not yet reached the employer's premises, or while the employee is on his way home and has left the employer's premises. *Eriksen v. Nez Perce County*, 72 Idaho 1, 4, 235 P.2d 736, 737 (1951). This general rule is predicated upon the fact that the employee usually selects the particular way, means and conveyance for going to and from work, and thus is himself in control of the risk. *See Park Utah Consolidated Mines Co. v. Industrial Comm'n*, 103 Utah 64, 133 P.2d 314, 317 (1943).

However, there are numerous well-recognized exceptions to the general rule, many of which were listed by our Supreme Court in *Eriksen*. These include accidents when the employee is "going and returning in

some transportation facility furnished by the employer...." *Eriksen*, 72 Idaho at 4, 235 P.2d at 737. "The distinct rationale for this [exception] is that by taking control of the trip to and from work, the employer has extended the risks of employment and therefore has extended the course of employment." *Torres v. Industrial Comm'n of Arizona*, 137 Ariz. 318, 670 P.2d 423, 425 (Ct.App.1983). *See also* 1 LARSON at § 17.11.

Here, as noted previously, it is undisputed that Hansen and Lehman were passengers in a vehicle furnished by their employer, as they traveled to work in Spokane. It is also undisputed that the vehicle was kept and maintained for use in the roofing business. Hansen and Lehman have asserted that they were not paid for commuting and that they did not always ride in the Harvey vehicle. However, these assertions, even if true, do not alter what we deem to be the sole material fact—that they were riding in employer-provided transportation when the accident occurred. At that time, the employer had extended the risks of employment to include transportation, and the course of employment had been extended commensurately.

Hansen and Lehman further argue that the employer-provided transportation exception was mentioned merely as a dictum in *Eriksen*. This may be so, but we find the exception to be conceptually sound and widely recognized. We adopt it as the basis of our decision today. Accordingly, we conclude, as did the district court, that the accident occurred in the course of employment. Worker's compensation provided the exclusive remedy. A tort suit against the employer and against the fellow employee's estate was barred by I.C. § 72–209.

The summary judgment is affirmed. Costs (exclusive of attorney fees which have not been requested) to respondents.

SWANSTROM, J., and HART, J. Pro Tem., concur.