16 P.3d 926

**Amanda S. GAGE, Claimant–Appellant,**

v.

**EXPRESS PERSONNEL, Employer, and National Union Fire Insurance Company of Pittsburgh, Surety, Defendants–Respondents.**

No. 25499.

Supreme Court of Idaho,
Idaho Falls, September 2000 Term.

Dec. 19, 2000.

Gordon W. Jenkins, Idaho Falls, argued for appellant.

Anderson, Julian & Hull, LLP, Boise, for respondents. Alan K. Hull argued.

WALTERS, Justice.

This is a worker's compensation case. For the following reasons we reverse the Industrial Commission's decision to deny benefits to Amanda Gage.

## FACTS AND PROCEDURE

On June 24, 1996, Amanda Gage was an employee of Express Personnel Services, a job placement service providing temporary staff to contracting employers. Gage was sent to work at Americold, a storage and shipping company dealing in frozen food products, where she was to label boxes of product. Gage had worked at Americold more than twenty times before, at different locations in the company's two buildings and at the rail dock where she ultimately was injured.

Gage's assignment on the morning she was injured was to report to the rail dock and wait for labeling supplies and product. Gage opened the door at the rail dock, sat down and dangled her legs off the dock, and smoked a cigarette while she waited. When the cigarette broke apart and fell to the ground, Gage jumped off the dock to retrieve it. As she attempted to pull herself back up onto the loading dock using the ropes attached nearby, she fell to the ground and landed on her tailbone.

An ambulance was called to transport Gage to Cassia Regional Medical Center. She was diagnosed with a compression fracture of the T 12 vertebrae, with potential spinal cord impingement from the retropulsion of a bony fragment into the spinal cord. She was admitted for a three-day stay at Bannock Regional Medical Center. Her treating neurologist, Michael A. Walus, M.D., discharged Gage from the hospital and prescribed a lumbothoracic brace to be worn at all times except when she was sleeping. Gage was seen in several follow-up visits with Doctor Walus. In his office notes of September 9, 1996, Doctor Walus recommended that Gage discontinue using the brace. He opined that she would probably be able to resume work and her normal activities in a couple of weeks. On October 1, 1996, Doctor Walus released Gage to work and rated her physical impairment at fifteen (15%) percent.

Gage filed a claim for worker's compensation on November 26, 1996. Her employer, Express Personnel Services, denied that Gage's condition was caused by an accident arising out of and in the course of employment. Gage received no benefits from her employer during the period of her accident-related disability, and she rehabilitated herself at her own expense without assistance from her employer, Express Personnel Services.

A referee assigned by the Industrial Commission held a hearing on December 17, 1997. The referee issued his findings of fact, conclusions of law, and a recommendation that Gage's claim be denied because she had failed to prove that her accident arose out of and in the course of her employment. In an order dated March 8, 1999, the Commission adopted the referee's findings and conclusions and dismissed Gage's complaint. Gage appealed from the decision of the Commission denying compensation benefits.

## STANDARD OF REVIEW

In reviewing a decision of the Commission, the Supreme Court will not set aside findings of fact that are supported by substantial competent, although conflicting, evidence. I.C. § 72–732(1); *Smith v. O/P*

*Transp.,* 128 Idaho 697, 699, 918 P.2d 281, 283 (1996). The Court has consistently recognized the Industrial Commission as the arbiter of conflicting facts and has acknowledged that the weight to be accorded evidence is within the Commission's particular province. *Olvera v. Del's Auto Body,* 118 Idaho 163, 795 P.2d 862 (1990). The Court views all facts and inferences in the light most favorable to the party who prevailed before the Commission. *Smith v. J.B. Parson Co.,* 127 Idaho 937, 941, 908 P.2d 1244, 1248 (1996). The Court, however, is not bound by the conclusions of law which are drawn by the Commission but will only set aside the order of the Commission where it failed to make a proper application of law to the evidence. *Bortz v. Payless Drug Store,* 110 Idaho 942, 719 P.2d 1202 (1986).

## DISCUSSION

■ The determination whether an injury arose out of and in the course of employment is a question of fact. *Neufeld v. Browning Ferris Industries,* 109 Idaho 899, 902, 712 P.2d 600, 603 (1985). This determination requires the weighing of evidence and assessing the credibility of witnesses, which is committed to the expertise of the Commission. *Id.* The Commission's conclusions as to weight and credibility will not be disturbed unless they are clearly erroneous. *Id.*

■ The Commission found that Gage had left the rail dock to retrieve her last cigarette, precipitating her fall. The Commission concluded that Gage's injury was the result of smoking, which the Commission determined to be a purely personal activity. The Commission also decided that smoking was forbidden by the employer and that when Gage was smoking she was not furthering any employment duty or interest of her employer. The Commission denied Gage's claim for benefits, concluding that her injury was not in the course of or arising out of her employment.

Gage argues that the Commission concluded in error that she was injured other than in the course of her employment because the Commission ignored facts established by her testimony. Gage also argues that the Com-

mission erred in concluding that her injury did not arise out of her employment.

■ A worker receives an injury in the course of employment if the worker is doing the duty that the worker is employed to perform. *Kessler v. Payette County,* 129 Idaho 855, 934 P.2d 28 (1997); I.C. § 72–102(15)(a). This prong of the test examines the time, place and circumstances under which the accident occurred. *Kessler,* 129 Idaho at 859, 934 P.2d at 32. Gage testified that she was injured at the location where she had been instructed by the employer to wait to begin labeling the incoming product. There was no disputed testimony that until the product arrived, Gage's job duties were limited to being present on the rail dock and waiting at the designated site. Gage admitted that she smoked a cigarette while she waited, but she denies that smoking interfered with or suspended the performance of any of her job duties so as to remove the injury from the course of employment and bar her recovery of worker's compensation benefits.

■ Where there is no dispute in the evidence and it is not reasonably susceptible of more than one inference, the question of whether an accident to a workman arose out of and in the course of employment is a conclusion of law rather than a finding of fact and may be reviewed by this court. *Colson v. Steele,* 73 Idaho 348, 351, 252 P.2d 1049, 1050 (1953). In this case, the evidence mandates a finding that Gage suffered an injury from a fall, within the period of her employment, at a place where she may reasonably have been and while she was reasonably fulfilling the duties of her employment. *See Beutler v. MacGregor Triangle Co.,* 85 Idaho 415, 380 P.2d 1 (1963); *Murdoch v. Humes & Swanstrom,* 51 Idaho 459, 6 P.2d 472 (1931).

The evidence presented by Gage also mandates a different conclusion than was reached in *Teffer v. Twin Falls School District,* 102 Idaho 439, 631 P.2d 610 (1981), which addressed the benefit to the employer of an employee's participation in a purely personal activity during work hours. In *Teffer,* relied upon by the Commission in this case, the injured worker was denied benefits on the grounds that his unauthorized recreational

use of the school gymnasium during work hours provided no benefit to his employer. *Id.* Clearly, Gage's smoking while on the rail dock did not detract from the benefit conferred upon the employer by Gage's being on site and prepared to work, as she had been directed, awaiting the arrival of labels and product. We hold that the Commission committed clear error when it concluded that Gage's smoking was a wholly personal activity not in furtherance of any interest of her employer.

■ An injury is considered to arise out of employment when a causal connection exists between the circumstances under which the work must be performed and the injury of which the claimant complains. *Kessler, supra* at 859, 934 P.2d at 32. This prong of the compensability test examines the origin and cause of the accident. *Id.* Gage asserts that she was injured as she was carrying out her job responsibilities. She argues that her smoking, which was in violation of company policy, deals only with the manner of performance of her work and should not foreclose her right to benefits for a work-related injury. The respondents maintain that smoking was the cause of Gage's injury and that by prohibiting smoking in the workplace, the employer removed injuries caused by smoking from the course of employment, making them non-compensable.

■ A proscription against smoking on the job does not categorically compel denial of an award of benefits to a worker injured while participating in the prohibited activity. Although we have found no Idaho cases on the subject, other courts have affirmed awards of worker's compensation benefits to injured employees who had violated safety rules. *See State Treasurer v. Ulysses Apartments,* 232 A.D. 393, 250 N.Y.S. 190 (1931) (employee burned to death while smoking in violation of no smoking rule held to be doing the task assigned albeit in a forbidden manner); *Travelers Ins. Co. v. Burden,* 94 F.2d 880 (5th Cir.1937) (mere violation of rule regulating manner and method of performing work that employee was hired to do did not constitute stepping away from employment so as to defeat employee's right to worker's compensation); *Macechko v. Bowen Mfg. Co.,*

179 A.D. 573, 166 N.Y.S. 822 (1917) (benefits awarded for hand injury suffered when employee, contrary to work rule, reached into machine to remove steel caught in die in press); *Kasper v. Liberty Foundry Co.,* 54 S.W.2d 1002 (Mo.App.1932) (employee who was assigned to work in grinding room where rule to wear goggles was posted was injured because he violated the rule and failed to wear goggles but would still be entitled to compensation). By smoking while she waited for the product she was to label, Gage may be said to have done an authorized act in a forbidden manner, but this slight deviation of the employer's rule regulating how the work was to be performed is not enough to deny Gage's claim. Moreover, smoking was not the cause of the injury. The injury could as easily have resulted from Gage jumping off the rail dock to reclaim an earring, necklace or other personal item that had fallen to the ground.

## CONCLUSION

This Court has repeatedly recognized that in determining whether an accident arises out of and in the course of employment, each case must be decided upon its own attendant facts and circumstances under a liberal construction of the Worker's Compensation Act. *Beebe v. Horton,* 77 Idaho 388, 390, 293 P.2d 661, 662 (1956). We hold that the Commission erred in concluding that Gage's injury did not arise out of and in the course of her employment. Accordingly, we reverse the Commission's decision denying worker's compensation benefits.

Costs on appeal are awarded to the appellant. No attorney fees are awarded.

Chief Justice TROUT, and Justices SILAK, SCHROEDER and KIDWELL concur.