## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 45918

| | | |
|---|---|---|
| MATTHEW ATKINSON, | ) | |
| | ) | |
| Claimant-Respondent, | ) | Boise, December 2018 Term |
| | ) | |
| v. | ) | Filed: January 29, 2019 |
| | ) | |
| 2M COMPANY, INC., Employer, and EMPLOYERS ASSURANCE COMPANY, Surety, | ) ) ) | Karel A. Lehrman, Clerk |
| | ) | |
| Defendants-Appellants. | ) | |
| _____ | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The determination of the Industrial Commission is <u>affirmed</u>.

Gardner Law Office, Boise, attorneys for Appellant. Michael G. McPeek argued.

Bradford S. Eidam, PLLC, Boise, attorney for Respondent. Bradford S. Eidam argued.

_____

BEVAN, Justice

### I. NATURE OF THE CASE

2M Company Inc. ("2M") appeals an Industrial Commission ("Commission") decision that determined Matthew Atkinson was entitled to reasonable medical benefits for injuries he sustained in an accident on his way to work. The Commission found that an exception to the "going and coming" rule applied based on 2M's intent to compensate Atkinson for his travel time while going to or coming from work. 2M and its surety, Employer Assurance Company, timely appealed. We affirm on different grounds.

### II. FACTUAL AND PROCEDURAL BACKGROUND

At the time of his accident, Atkinson was a salaried employee of 2M, a wholesaler of well drilling and irrigation supplies. Atkinson was a territorial sales person for 2M and was responsible for providing 2M's hallmark "Legendary Service" to customers by supplying

1

technical assistance at the customer's place of business, running parts to them, and assisting in the installation of those parts. 2M provided Atkinson with a pickup truck owned by the company so that he had the ability to call on potential and existing customers. Atkinson would respond to an average of two or three emergency customer calls per week, often late in the evening. Atkinson was issued a company credit card to purchase fuel for the pickup truck, and 2M paid for any necessary vehicle servicing and maintenance. 2M also required Atkinson to work one Saturday every five weeks staffing 2M's Meridian office from approximately 8:00 a.m. to 12:00 p.m. Atkinson was scheduled to work on March 11, 2017, after switching Saturday shifts with a coworker.

On March 10, 2017, Atkinson drove his personal vehicle to the Whitewater Saloon for a date night with his wife. Neither felt comfortable driving afterwards so they left the car there and took a taxi home. The following morning Atkinson's wife needed to retrieve her car to pick up their children who had spent the night at their grandparent's house. Atkinson planned to drop his wife off at Whitewater Saloon and go on to work for his shift; as such, Atkinson and his wife left their home together in his company pickup truck the morning of March 11, 2017. Whitewater Saloon is on Atkinson's usual route to 2M's office.

However, as the couple was leaving their subdivision, Atkinson noticed he could not see clearly out of the front windshield due to frost, so he pulled over to the side of the road to scrape the windshield with a credit card. As he was scraping the windshield he was struck by another vehicle and sustained significant injuries to his right leg and shoulder.

On May 24, 2017, Atkinson filed a complaint with the Commission. A hearing was conducted on September 13, 2017, to determine the compensability of Atkinson's claim. The Referee found that Atkinson was entitled to benefits because he was injured in the course of his employment as he was traveling to work in employer-provided transportation when the accident occurred. Specifically, the Referee held that *Hansen v. Estate of Harvey*, 119 Idaho 333, 806 P.2d 426 (1991) ("*Hansen*"), was controlling and dispositive.

The Commission confirmed that Atkinson was entitled to reasonable medical benefits for injuries sustained in the March 11, 2017, accident, but it rejected the Referee's reliance upon *Hansen*. The Commission issued its own findings of fact and conclusions of law that found *Case of Barker*, 105 Idaho 108, 666 P.2d 635 (1983) ("*Barker I*") to be dispositive. 2M and its surety, Employer Assurance Company, timely appealed to this Court.

### III. ISSUES ON APPEAL

1.   Whether the Commission applied the correct legal standards in determining that Atkinson's accident occurred in the course of his employment with 2M.

2.   Whether the Commission erred by failing to make a specific factual finding concerning whether Atkinson's accident arose out of his employment with 2M.

3.   Whether Atkinson is entitled to attorney fees on appeal.

### IV. STANDARD OF REVIEW

"When reviewing a decision of the Industrial Commission, this Court exercises free review over questions of law." *Sundquist v. Precision Steel & Gypsum, Inc.*, 141 Idaho 450, 453, 111 P.3d 135, 138 (2005) (citing *Uhl v. Ballard Medical Products, Inc.*, 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003)). However, this Court will uphold the Commission's factual findings so long as they are supported by substantial and competent evidence. *Id.* "Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion." *Id.* "To determine whether an accident occurred arising out of and in the course of [a] Claimant's employment, the Court determines whether the Commission correctly applied the law of the worker's compensation to the facts determined by the Commission." *Combes v. State, Indus. Special Indem. Fund*, 130 Idaho 430, 432, 942 P.2d 554, 556 (1997) (internal citation omitted).

> The Court "views all facts and inferences in the light most favorable to the party who prevailed before the Commission," *Dinius v. Loving Care & More, Inc.*, 133 Idaho 572, 574, 990 P.2d 738, 740 (1999), and "liberally construe[s] the provisions of the worker's compensation law in favor of the employee, in order to serve the humane purpose for which the law was promulgated." *Murray-Donahue v. Nat'l Car Rental Licensee Ass'n*, 127 Idaho 337, 340, 900 P.2d 1348, 1351 (1995).

*Hamilton v. Alpha Servs., LLC*, 158 Idaho 683, 688, 351 P.3d 611, 616 (2015) (alteration in original).

### V. ANALYSIS

**A.    The Commission applied the correct legal standards in determining that Atkinson's accident occurred in the course of his employment with 2M.**

The crux of 2M's argument is that the Commission impermissibly expanded the Court's payment-for-travel-time doctrine to hold that Atkinson's accident arose out of and in the course of his employment with 2M.

"The applicable standard for determining whether an employee is entitled to compensation under the Worker's Compensation Act requires that the injury must have been caused by an accident 'arising out of and in the course of any employment.'" *Dinius*, 133 Idaho at 574, 990 P.2d at 740; I.C. § 72-102(18)(a). "The words 'out of' have been held to refer to the origin and cause of the accident and the words 'in the course of' refer to the time, place, and the circumstances under which the accident occurred." *Spivey v. Novartis Seed Inc.*, 137 Idaho 29, 33, 43 P.3d 788, 792 (2002) (quoting *Dinius*, 133 Idaho at 574, 990 P.2d at 740).

The "going and coming" rule states that an employee is not within the course and scope of his employment on his way to and from work. *Finholt v. Cresto*, 143 Idaho 894, 898, 155 P.3d 695, 699 (2007) (citing *Ridgway v. Combined Ins. Companies of America*, 98 Idaho 410, 411, 565 P.2d 1367, 1368 (1977)). As a result, an employee traveling to and from work is usually not covered by worker's compensation protection unless an exception applies. *Clark v. Daniel Morine Const. Co.*, 98 Idaho 114, 115, 559 P.2d 293, 294 (1977). The reason an employee is generally not awarded compensation for injuries that occur while traveling to and from work is that the employment relationship is considered suspended from the time the employee leaves his work to go home until he resumes his work the next day. *Barker I*, 105 Idaho at 109, 666 P.2d at 636. That said, this Court has identified several exceptions to the going and coming rule, "including: (1) the special errand; (2) the traveling employee; (3) peculiar risk, and; [4 the] dual purpose doctrine." *Kelly v. Blue Ribbon Linen Supply, Inc.*, 159 Idaho 324, 328, 360 P.3d 333, 337 (2015) (internal citation omitted).

This Court articulated an additional exception in *Barker I* that expands an employee's course of employment to include instances where the employee can demonstrate that the employer regards the employee's travel as part of his job. In *Barker I*, a decedent's wife filed a claim for death benefits after the decedent was involved in an accident while driving from a work site to a dentist appointment. 105 Idaho at 109, 666 P.2d at 636. Per his union contract, the decedent was paid $90 per week as a travel allowance. *Id*. The Commission denied benefits after concluding that the decedent was not engaged in employment for the employer at the time of the accident and that payment of travel expenses was irrelevant to whether an exception to the going and coming rule should apply. *Id*.

The decedent's wife appealed, arguing that when the employer pays for travel expenses the journey should be considered in the course of employment. *Id*. at 110, 666 P.2d at 637. This

4

Court reversed and remanded the Commission's decision, holding that "payment of travel expenses *along with other evidence* indicating the employer intended to compensate the employee for travel time, will justify expanding the course of employment to include going to and from work." *Id*. at 110–11, 666 P.2d at 637–38 (emphasis in original). The Court cited favorably to two factors that could aid in determining whether an employer intended to compensate an employee for travel to and from work: (1) extended cross-country travel to reach the employment site; and (2) size of the travel allowance paid. *Id*. at 110, 666 P.2d at 637. The Court then instructed the Commission to consider any potential "other evidence" on remand.

The parties submitted no additional evidence on remand. The Commission denied benefits again, concluding that it "could find no evidence other than the actual payment itself, to indicate that the employer intended to compensate the employee for travel time or travel expense." *Matter of Barker*, 110 Idaho 871, 872, 719 P.2d 1131, 1132 (1986) (*Barker II*). On appeal, this Court concluded that the Commission correctly applied the standard announced in *Barker I* and affirmed the Commission's denial of coverage. *Id*.

Relying on the exception identified in *Barker I*, the Commission here recognized that 2M's providing Atkinson with a pickup truck and "the gas and maintenance necessary to operate the same" was insufficient by itself for Atkinson's accident to be considered in the course of employment. Thus, for the *Barker I* exception to apply, the Commission determined that Atkinson had to adduce additional evidence showing that 2M intended to compensate him for his travel time. The Commission found the following "additional evidence" was sufficient to bring Atkinson's accident within the scope of employment:

> 25. First, Claimant is a 24/7 "on-call" employee. Claimant may be called upon to respond to an emergency any time of day, and therefore, it is necessary to his work to have immediate access to a company vehicle at all times. Because Claimant must have a company vehicle at his home to respond to the needs of a customer, it follows that he must use Employer's vehicle going-to and coming-from the workplace. Because of the demands of his employment, Claimant is effectively denied the option of choosing to use his own vehicle in coming/going journeys.
>
> 26. Second, even though the provision of a company vehicle to Claimant may be regarded as an inducement to Claimant, it is also clear that the provision of a company vehicle to Claimant serves the Employer's interest by ensuring that Claimant will always have the means available to immediately respond to emergency calls.

5

Whether the Commission's findings are legally sufficient to satisfy the "additional evidence" requirement of *Barker I* is a question of law over which we exercise free review. *Sundquist*, 141 Idaho at 453, 111 P.3d at 138. 2M advances several arguments in support of its position that the Commission erred in concluding 2M intended to compensate Atkinson for his travel time while going to and from work.

Initially, 2M argues that because Atkinson was a salaried employee, there is no evidence that 2M intended to pay Atkinson for the time he incurred in traveling to and from work. Even so, the Commission did not use Atkinson's status as a salaried employee in reaching its ultimate conclusion on the compensability of Atkinson's claim. The Commission did not consider whether an employee's status as a salaried employee had any bearing on whether an employer intended to compensate the employee for travel time with respect to the going and coming rule. Accordingly, this argument fails. *See Izaguirre v. R & L Carriers Shared Servs., LLC*, 155 Idaho 229, 233, 308 P.3d 929, 933 (2013) (quoting *Krempasky v. Nez Perce Cnty. Planning & Zoning*, 150 Idaho 231, 236, 245 P.3d 983, 988 (2010) ("[i]t is well established that in order for an issue to be raised on appeal, the record must reveal an adverse ruling which forms the basis for an assignment of error.").

2M also contends that there is no precedent to support the idea that an employer derives a benefit from an employee's on-time arrival at work, even if they are commuting to work in a company vehicle. 2M cites a Utah Court of Appeals case in support of its argument that "mere arrival at work is not considered a substantial benefit to the employer." *See VanLeeuwen v. Indus. Comm'n of Utah*, 901 P.2d 281 (Utah Ct. App. 1995). As with Atkinson's status as a salaried employee, Atkinson's "on-time arrival" was not identified by the Commission as a basis for coverage; thus, it will not be considered on appeal. *See Izaguirre*, 155 Idaho at 233, 308 P.3d at 933.

2M's remaining arguments stress that the Commission's findings were improper because they are rooted in speculation rather than the actual circumstances of Atkinson's March 11, 2017, accident. We agree. Finding 25 is flawed because whether Atkinson had the company vehicle so he could respond to a customer's call outside his normal work hours is not relevant when Atkinson was injured on his way to 2M's office for a regularly scheduled workday. In this regard, 2M argues that the Commission improperly conflated the focus of *Barker I* with the special errand exception of the going and coming rule. The fact that Atkinson may have been on

6

call to respond to a customer's needs outside normal working hours would have only been relevant under the special errand exception if Atkinson's accident occurred while he was on a special errand, traveling from his home to attend to the customer.[1] We find this argument to be persuasive. The record contains no discussion of the parties' expectations about Atkinson's availability, whether he had to remain in any particular place during this on-call time, or whether he could engage in his own activities during such time. The record is thus insufficient to support the Commission's conclusion in this regard. Indeed, at the time of the accident, Atkinson and his wife were driving to retrieve their personal vehicle left at the Whitewater Saloon from a date night the prior evening after he did not feel comfortable driving it home. This would seem to conflict with the Commission's finding that Atkinson was a 24/7 on-call employee.

Finding 26 is equally problematic. Whether 2M's interest may have been served because use of the company pickup truck meant Atkinson would "have the means to immediately respond to emergency calls" was disconnected from Atkinson's accident, which occurred while he was commuting to a regularly scheduled workday at 2M's office. If we were to accept the Commission's finding, it could be interpreted as transforming all driving activities into work-related activities simply because the employer provides the employee with a vehicle. The Commission's conclusion does not correlate with the fact that Atkinson's accident occurred while he was on his way to a regularly scheduled day of work at 2M's office.

Ultimately, while the Commission acted reasonably in trying to deduce what "additional evidence" would be sufficient under *Barker I* to justify expanding the course of employment to include Atkinson's going to and from work, we decline to adopt such a broad approach, particularly when Findings 25 and 26 stem from supposition rather than the facts surrounding Atkinson's accident. That said, we agree with the Commission's ultimate conclusion that Atkinson has a right to medical benefits. We find that the approach under *Hansen* is more straightforward and applicable to the facts here.

---

[1] "The special errand exception is premised on the idea that an employee leaving his normal place of work to perform a special job for an employer is, nevertheless, still performing part of his normal job." *Kelly*, 159 Idaho at 328, 360 P.3d at 337 (quoting *Finholt v. Cresto*, 143 Idaho 894, 898, 155 P.3d 695, 699 (2007)). The special errand exception has been held to apply when the employee demonstrates that, while not at his regular place of employment, he is performing some special service or errand incidental to the nature of his employment or under the direction of his employer. *Id*.

In *Hansen*, the decedent was driving a company truck to work with two other employees, Hansen and Lehman, when the decedent fell asleep at the wheel. *Hansen v. Estate of Harvey*, 119 Idaho 357, 357–58, 806 P.2d 450, 450–51 (Ct. App. 1990). The truck ran off the road, killing the decedent and injuring the other two employees. *Id.* The accident occurred in Washington; thus, the employees received Washington worker's compensation benefits, based on the determination that their injuries arose out of the course of their employment. *Id.* The employees then sued their employer in Idaho, alleging the decedent's negligence caused their injuries. *Id.* The Idaho district court dismissed the claim after finding their injuries arose out of the course of their employment. *Id.* Relying on *Eriksen v. Nez Perce County*, 72 Idaho 1, 4, 235 P.2d 736, 737 (1951), the Idaho Court of Appeals affirmed, recognizing

> it is undisputed that Hansen and Lehman were passengers in a vehicle furnished by their employer, as they traveled to work in Spokane. It is also undisputed that the vehicle was kept and maintained for use in the roofing business. Hansen and Lehman have asserted that they were not paid for commuting and that they did not always ride in the Harvey vehicle. However, these assertions, even if true, do not alter what we deem to be the *sole material fact*—that they were riding in employer-provided transportation when the accident occurred. At that time, *the employer had extended the risks of employment to include transportation, and the course of employment had been extended commensurately*.

*Hansen*, 119 Idaho at 359, 806 P.2d at 452 (emphasis added). This Court granted a petition for review. After affirming based on collateral estoppel, this Court stated:

> We also affirm the district court's dismissal for the additional reason set out in the Court of Appeals' opinion which adopted the exception to the going and coming rule, described in *Eriksen v. Nez Perce County*, 72 Idaho 1, 235 P.2d 736 (1951), where this Court stated that "*where going [to work] or returning [from work] in some transportation facility furnished by the employer*," an employee is deemed to be within the course of employment. 72 Idaho at 4, 235 P.2d 736 (emphasis added). This rule has also been described in Larson's treatise on worker's compensation law as follows:
>
>> If the trip to and from work is made in a truck, bus, van, car, or other vehicle under the control of the employer, an injury during that trip is incurred in the course of employment.... The reason for the rule in this section depends upon the extension of risks under the employer's control.

*Hansen v. Estate of Harvey*, 119 Idaho 333, 338, 806 P.2d 426, 431 (1991) (quoting 1 Larson, Workmen's Compensation Law, § 17.11, *reprinted in* 2 Larson's Worker's Compensation Law, § 15.01). The Court went on to say under this approach:

8

[A]ny time an employee is injured while going to or coming from work in transportation provided by his employer, he is considered to be within the course of employment. The rationale underlying this rule is that "the risks of the employment continue throughout the journey" and *since the employer is in control of those risks by providing the transportation, the employee is considered to be within the course of his employment.* 1 Larson at § 17.00, *reprinted in* 2 Larson's Worker's Compensation Law, § 15.00. As Larson points out, "the distinction between transportation provided by contract and transportation provided without agreement or as a courtesy is being increasingly questioned, since the fundamental reason for extension of liability—the extension of the actual employer-controlled risks of employment—is not affected by the question whether the transportation was furnished because of obligation or out of courtesy." 1 Larson at § 17.30, *reprinted in* 2 Larson's Worker's Compensation Law, § 15.03. Furthermore, application of this rule avoids repeated litigation as to whether transportation provided by an employer to an employee was in fact a customary or contractual incident to employment. The Larson rule also promotes a basic policy underlying the concept of worker's compensation that the worker's compensation act is to be construed liberally in favor of worker's compensation coverage of claimants. *See Miller v. Amalgamated Sugar Co.*, 105 Idaho 725, 672 P.2d 1055 (1983); *Jones v. Morrison–Knudsen Co.*, 98 Idaho 458, 567 P.2d 3 (1977); *Hattenburg v. Blanks*, 98 Idaho 485, 567 P.2d 829 (1977).

*Id.* (emphasis added).

These principles are directly applicable to the case before us. Here, the Commission distinguished *Hansen*, finding that the employer must furnish both the vehicle used *and an agent* to operate such a vehicle for this exception to apply:

The rationale for extending the course of employment to travel to and from the work site in *Hansen* is that by providing a transportation facility to the injured worker, employer extended the risks under the employer's control. This rationale necessarily depends on the fact that employer provided not only the vehicle used to accomplish the journey, but also an agent of the employer to operate the same.

The Commission erred by limiting *Hansen*'s application in this way. There is nothing in the *Hansen* holding that restricts it to employee-passengers. Limiting *Hansen* as the Commission did would create inequities by providing workers compensation coverage for passengers, but not providing such coverage for drivers, even though all employees are exposed to the same risks while traveling to work. Whether a driver or a passenger, such risks are employer-associated risks of employment that must be borne by the employer. *See Hansen*, 119 Idaho at 338, 806 P.2d at 431.

We see the more appropriate focus to be whether the vehicle was incidental to Atkinson's duties of employment, or whether it was mandatory as part of his job. 2M not only authorized,

9

but *required* Atkinson to drive the company pickup truck to and from 2M's office to ensure he could provide "Legendary Service" to 2M's customers. Applying the principles set forth in *Hansen*, and construing them liberally "in order to ensure certain recovery for injured workers, regardless of fault," *Kelly*, 159 Idaho at 328, 360 P.3d at 337, 2M extended the risks of Atkinson's employment to include transportation, and the course of employment was extended to match.

We therefore affirm the Commission's holding that Atkinson's March 11, 2017, accident occurred within the course of employment by applying *Hansen* rather than *Barker I*. In doing so, we recognize that we have moved to a bright-line rule in these going and coming cases. When an employee, while going or coming from work, is injured while operating or riding in an employer-provided vehicle, such an accident arises in the course of employment. This rule provides ease of application and it adheres to the "basic policy underlying the concept of worker's compensation that the worker's compensation act is to be construed liberally in favor of worker's compensation coverage of claimants." *Hansen*, 119 Idaho at 338, 806 P.2d at 431.

### B. The Commission did not err by failing to make a specific finding of fact about whether Atkinson's accident arose out of his employment.

The proceedings before the Commission were solely related to whether Atkinson's accident arose "in the course of" his employment with 2M. For the first time on appeal 2M now argues that (1) the Commission committed reversible error by failing to make a specific factual finding about whether Atkinson's accident *arose out of* his employment; and (2) that Atkinson's accident did not arise out of his employment because the risk that caused his accident was one common to the traveling public.

An injury is only compensable under worker's compensation law if it is caused by an accident 1) arising out of and 2) in the course of any employment. I.C. § 72-102(18)(a). This Court has held that "[t]he words 'out of' . . . refer to the origin and cause of the accident and the words 'in the course of' refer to the time, place, and the circumstances under which the accident occurred." *Spivey v. Novartis Seed Inc.*, 137 Idaho 29, 33, 43 P.3d 788, 792 (2002) (quoting *Dinius v. Loving Care & More, Inc.*, 133 Idaho 572, 574, 990 P.2d 738, 740 (1999)). An injury is considered to "arise out of the employment when a causal connection is found to exist between the circumstances under which the work must be performed and the injury of which the claimant complains." *Dinius*, 133 Idaho at 575, 990 P.2d at 741. "This prong of the compensability test

10

examines the origin and cause of the accident." *Gage v. Express Personnel*, 135 Idaho 250, 254, 16 P.3d 926, 930 (2000).

The Commission concluded as a matter of law that Atkinson's March 11, 2017, accident arose out of and in the course of his employment with 2M; however, the Commission never made a specific factual finding about whether Atkinson's accident "arose out of" his employment with 2M. We hold that the Commission's failure to make a specific factual finding that Atkinson's accident arose out of his employment does not hamper its ultimate conclusion. "The Industrial Commission does not need to 'make detailed findings on every fragment of evidence presented to it.' . . . [but only] findings sufficient to enable meaningful appellate review." *Stoddard v. Hagadone Corp.*, 147 Idaho 186, 190, 207 P.3d 162, 166 (2009) (quoting *Davaz v. Priest River Glass Co.*, 125 Idaho 333, 338, 870 P.2d 1292, 1297 (1994)). Thus, "[i]t is not required to make a specific finding with regard to every fact; rather, a finding is only necessary for those facts which support the award." *Zapata v. J.R. Simplot Co.*, 132 Idaho 513, 515, 975 P.2d 1178, 1180 (1999).

The Commission made several findings that pertain to the connection between Atkinson's employment and the accident that caused his injuries. Findings 6–9 describe that Atkinson had to staff 2M's Meridian office once every five Saturdays from 8:00 a.m. to 12:00 p.m.; that Atkinson was working on March 11, 2017; and that Atkinson was traveling to 2M's office at the time of the accident that caused his injuries. We hold that this is sufficient evidence the Commission appropriately relied on to conclude that Atkinson's March 11, 2017, accident arose out of his employment with 2M. *See id.*

2M also contends that Atkinson's accident did not arise out of his employment because "the risk that caused his accident was one common to the traveling public . . . ." However, this Court has specifically overruled the need to prove that a claimant's employment exposed him to a greater risk of injury. *See Vawter v. United Parcel Service, Inc.*, 155 Idaho 903, 908, 318 P.3d 893, 898 (2014). Further, 2M's argument analyzes the "arose out of employment" requirement in the context of this Court's application of the peculiar risk exception to the going and coming rule.[2] The Commission did not address the peculiar risk exception, and there is no requirement

---

[2] The peculiar risk doctrine extends the course of employment where travel to and from work involves a "special exposure to a hazard or risk peculiarly associated with the employment" which is the cause of the injury. *Trapp v.*

11

that some heightened risk be linked to an employee's work for the injury to arise out of his employment. Instead, for Atkinson's injury to arise out of his employment with 2M, there must be a causal connection between him going to work, and being hit by another vehicle while on his way to work. We find that such a connection exists here and the Commission correctly concluded that Atkinson's accident arose out of *and* in the course of his employment with 2M.

**C.     We decline to award Atkinson attorney fees on appeal.**

Atkinson requests attorney fees under Idaho Code section 72-804, arguing that 2M has merely asked this Court to reweigh the evidence considered by the Commission. Idaho Code section 72-804 allows a party to recover attorney fees if "the employer or his surety contested a claim for compensation made by an injured employee . . . without reasonable ground . . . ." I.C. § 72-804. Although Atkinson is the prevailing party, 2M has provided a reasonable argument on appeal. While we have affirmed the Commission's ultimate decision, we have agreed with 2M's arguments on the speculative nature of the Commission's reasoning in its application of *Barker I*. Accordingly, we decline to award Atkinson attorney fees on appeal.

## VI. CONCLUSION

We affirm the Commission's determination that Atkinson's March 11, 2017, accident arose out of and in the course of his employment with 2M applying *Hansen* rather than *Barker I*. Costs on appeal to Atkinson.

Chief Justice BURDICK and Justices BRODY, STEGNER and HORTON, CONCUIR.

---

*Sagle Volunteer Fire Dep't,* 122 Idaho 655, 658, 837 P.2d 781, 784 (1992) (citing *Clark v. Daniel Morine Const. Co.*, 98 Idaho 114, 559 P.2d 293 (1977)).

12